[No. 776. Decided March 29, 1893.]

FRANCISCA ZINTEK *et al.*, *Appellants*, v. STIMSON MILL COMPANY, *Respondent.*

MASTER AND SERVANT — FELLOW SERVANTS — NEGLIGENCE — NON-SUIT.

A yard boss of a lumber yard who has entire control of the yard, with power to hire and discharge workmen, and to employ them under his orders, is a vice principal, and not a fellow servant of the men who work under his control and superintendence.

In an action against a mill company for the death of a workman caused by the falling of a lumber pile which had been negligently piled, it is error to non-suit the plaintiffs, when the testimony tends to show that a yard boss had entire charge of the yard and of the piling of lumber, that he hired and discharged workmen, and that they worked under his orders; and that the injury was due to his negligence. (STILES and HOYT, JJ., dissent.)

*Appeal from Superior Court, King County.*

*Turner & McCutcheon,* for appellants.

*Charles W. Seymour (Stevens, Seymour & Sharpstein,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the plaintiffs to recover damages of the defendant for negligently causing the death of Alexander Zintek, who was at the time performing labor for the defendant at its mill yard at Ballard, in King county.   At the conclusion of the plaintiffs' case, the court below granted a motion for a non-suit, on the grounds that the deceased and one O. C. Nelson, under whom he was working, were fellow servants, and because no negligence had been proven against the defendant.

The evidence shows that the deceased and one John Marzillger, at the time of the injury, were engaged in removing a pile of lumber; and were working under said

Nelson, who was then, and had been for a long time prior thereto, yard boss in said mill yard. Near the lumber, which the deceased and Marzillger were removing, was another pile of lumber which had been placed there while Nelson was yard boss as aforesaid. The evidence shows that this lumber had been negligently piled, particularly from the bottom for some distance up, and that it had been carried to a height of sixteen feet or more. After the deceased and Marzillger had nearly removed the lumber from the pile upon which they were at work, a portion of the upper part of this pile which had been negligently constructed, broke off and fell over, and in falling caught the deceased, and injured him so severely that he died from the effects thereof.

There was testimony to show that said yard boss had entire control of the yard; that he hired and discharged workmen, and that the workmen about the yard worked under his orders; and also to show that it was the duty of said yard boss to superintend the piling of the lumber in the mill yard. He performed no labor himself, such as handling lumber, but had charge of the yard, and superintended the workmen and the management of the yard. No claim was made by the respondent in its brief, or upon the argument, that there was any contributory negligence upon the part of the deceased.

It seems to us that the deceased and said Nelson cannot be held to have been fellow servants under the circumstances of this case, by much the greater weight of the authorities. (See 1 Shearman and Redfield on Negligence, §§ 224–226, and cases cited.) And there was proof of negligence upon the part of Nelson sufficient to go to the jury. It was, therefore, error to non-suit the plaintiffs.

The judgment is reversed and cause remanded.

Dunbar, C. J., and Anders, J., concur.

STILES, J. (*dissenting*).—While it did appear in this case that the foreman of the yard, Nelson, hired and discharged men, and also that he directed the men what to do and where to do it, it was nowhere shown that he ever superintended the men in the piling of lumber. The record was entirely silent as to the proper method of piling, and as to who, if any one, gave directions in that matter; nor was there a particle of testimony tending to show that Nelson knew how the lumber which fell upon Zintek was piled, or that he had any means of knowing it superior to those possessed by Zintek himself. In point of fact, Zintek, of all men, had the very best means of knowing just how the pile which fell upon him was constructed, and what the danger was; for he alone took away the lumber, board by board, which supported the fatal pile. He was more than half a day engaged in removing this support, and could not help seeing that the neighboring pile was only a loose heap which might fall at any moment. The effort seems to have been made to show that Marzillger, who was working in the alley-way, could not observe the danger because of the breast-high pile of boards which lay along the alley in front of the other piles; but his inability to see in no way lessened the certainty that, if he had been where Zintek was, he would have seen. Because of these facts I think the judgment of non-suit was right, even though the doctrine of superior and inferior servant has any application to such a case, which I very much doubt.

HOYT, J., concurs.