[No. 1091. Decided March 13, 1894.]

W. M. HULBERT, *Respondent*, v. GEORGE BRACKETT, *Appellant*.

#### AMENDMENT OF COMPLAINT PENDING TRIAL.

The amendment of plaintiff's complaint during the progress of the trial is a matter within the discretion of the court, and no error can be founded thereon when it appears that no different answer was thereby required; that the defendant was not taken by surprise, and did not ask for time to prepare an answer to the matters covered by the amendment.

*Appeal from Superior Court, Snohomish County.*

*W. R. Andrews*, for appellant.

*J. A. Coleman*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The complaint in this case alleges that between certain dates plaintiff was the owner of a lot of saw logs bearing his mark (describing it) of the value of $210; that he was at all times within said dates entitled to the immediate, actual and open possession of said logs; that during said time said defendant, being in possession of said logs, unlawfully converted the same into lumber and disposed of them to his own use, and sawed and converted the same into lumber and disposed of the said lumber to his own use, and to the damage of plaintiff in the sum of $210. The answer was a general denial.

During the introduction of plaintiff's testimony he attempted to prove a demand for the logs, which was objected to by appellant on the ground that no demand had been alleged in the complaint. Whereupon, on motion of plaintiff, the complaint was amended by the insertion of the following:

"That on the 18th day of November, 1891, plaintiff demanded possession of said saw logs from said defendant, which was refused and has ever since been refused."

The allowing of this amendment is alleged as error by the appellant, for the reason, as contended, that it changes the nature of the action. Even if the amendment had been necessary, a question which we do not now decide, under the liberal provisions of our code in relation to amendments, we are satisfied that the court did not abuse its discretion in allowing the amendment objected to. No different answer was required; the defendant was in no way taken by surprise, and the most that he could have claimed would have been time to have prepared an answer to this new pleading, if he deemed any time necessary. No time was asked by him, and we are satisfied that he was not injured in any respect by the insertion of the amendment.

We have examined the instructions objected to by the appellant and the instructions asked by him, which were refused or modified by the court, and construing them with reference to the testimony in the case we think that no error was committed, either in the giving of the instructions, or refusal to give; that the jury could have been in no way misled by any instructions of the court, and that the evidence fully sustains the verdict; and the judgment will, therefore, be affirmed.

ANDERS, STILES, SCOTT and HOYT, JJ., concur.