[No. 1090. Decided March 20, 1894.]

F. M. KOHLER, *Appellant*, v. FAIRHAVEN AND NEW WHATCOM RAILWAY COMPANY, *Respondent*.

NEW TRIAL — EXCESSIVE DAMAGES — DISCRETION OF COURT.

It is a matter within the discretion of the trial court to grant a new trial on the ground that the damages awarded by the verdict of the jury are excessive, and the ruling of the court thereon will not be interfered with, unless it appears affirmatively from the record that such discretion has been improperly exercised. (DUNBAR, C. J., dissents.)

Although an order granting a new trial has been made contingent upon the plaintiff's remitting a portion of the verdict, which he refuses to do, the plaintiff is not entitled on appeal, when no error

is found in the action of the lower court, to a reversal of the order conditioned upon his remitting such portion of the verdict as may seem just to the appellate court.

*Appeal from Superior Court, Whatcom County.*

*I. N. Maxwell*, for appellant.

*Wiley & Bostwick*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Appellant brought his action against the respondent for personal injuries. The jury returned a verdict in his favor for the sum of five thousand dollars. Motion for a new trial was made by the defendant, and granted by the court, on the ground that the damages were excessive. From the order granting such motion plaintiff has prosecuted this appeal.

Under the provisions of our statute it is made the duty of the trial court, when a proper motion has been interposed, to determine the question as to whether or not the damages awarded by the jury are excessive. In performing this duty the court must determine as to the effect of the evidence introduced in the course of the trial. From such evidence it must, as a question of judicial discretion, determine whether or not the damages as assessed by the jury are so excessive as to make it to appear that they were awarded under the influence of passion or prejudice.

It is a universal rule that when a matter is left to the discretion of a court, its exercise of such discretion will not be interfered with by an appellate court unless it is made affirmatively to appear from the record brought up on appeal that such discretion has been improperly exercised. We see no reason for holding that in exercising the particular discretion vested in a trial court in determining as to whether or not there should be a new trial its decision should be given less force than in other matters, for while

it is true that the verdict of a jury is presumably warranted by the evidence until the contrary is made to appear, the statute has made it the duty of the lower court to review their action, and when it has done so, and in the exercise of the discretion vested in it, determined that it was not warranted, the presumption as to its correctness is taken away, and the decision of the court must stand unless the appellate court is satisfied from all the circumstances surrounding the case that in so deciding the court made a mistake.

We have carefully examined all the evidence upon which the verdict of the jury was founded, and from a consideration thereof are not satisfied that the action of the trial court was not what it should have been.     Such court was in a better situation to determine the question as to the effect to be given to the evidence than is this court.     We should not interfere unless the mistake of the trial court is made clearly to appear.     This should be the rule in regard to all orders made by a trial court, but especially so as to one granting a new trial.     Such an order does not conclude the rights of the party against whom the ruling is made. It simply casts upon him the burden of again submitting his case to a jury, whereas if the appellate court should reverse the order its decision would conclusively determine the rights of the parties.

An appellate court should be slow to do this when, in order to so conclude the rights of the parties, it has to overrule the decision of a trial court as to a question which it was in the better situation to decide.     The evidence to support the verdict in question was of such a nature that it furnished grounds for the exercise of discretion on the part of the trial court, and there is nothing to satisfy us that such discretion was not properly exercised.

The order must be affirmed.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I dissent.    The plaintiff has a constitutional right to have the questions of fact involved in his case submitted to the discretion of a jury. The amount of damages which he sustained is as purely a question of fact as any question in the case.    I do not deny the right of the court to set aside a verdict when it plainly appears that the verdict was the result of passion or prejudice; but I do most earnestly protest against the court substituting its judgment for the judgment of the jury; and basing its conclusion that the jury was controlled by passion or prejudice on the simple fact that the verdict rendered by the jury was a larger verdict than the court would have rendered if the question had been originally submitted to its discretion.    Such an assumption by the courts virtually annuls the right of trial by jury.    Practically the question of damages may as well be submitted to the court in the first instance.

### ON PETITION FOR RE-HEARING.

HOYT, J.—Defendant in the court below made a motion for a new trial, and the court made an order that the motion be granted unless the plaintiff within a time named should remit a certain amount of the verdict; this the plaintiff declined to do, and the motion for a new trial was entered.    This court, upon the hearing of the appeal from said order, being of the opinion that it was rightfully made, affirmed it.    The appellant, in his petition for re-hearing, asks this court to allow him the option of remitting such portion of the verdict as to it may seem just, and, upon his doing so, to reverse the order granting a new trial, and to direct a judgment in his favor for the amount of the verdict less the sum so remitted.    That an appellate court often makes its reversal of a judgment or order contingent upon the action of one or the other of the

parties is beyond question.     The reason for so doing is
that error is found which justifies such reversal, but of such
a nature that the party against whom the erroneous ruling
was made can be compensated.     But this principle cannot
apply in the case at bar, for the reason that no error is
found in the action of the lower court upon which to found
a reversal of the order.     This court has found that the
lower court could not have done otherwise than to have
entered the order which it did, and for it thus to find and
then hold that such order should be reversed at the option
of the appellant would be illogical and not in accord with
our idea of a proper practice.

There is another reason why, under the circumstances of
this case, this court cannot comply with the request of the
petition for re-hearing.     For aught that appears from the
record there may have been such errors of law against the
defendant as would have entitled it to a new trial, and would
have required of this court a reversal of an order denying
such new trial if the appellant had remitted as required by
the lower court, and thus secured such an order.     The ap-
pellant not having remitted, and the motion for a new trial
having been granted, the errors of law, if any, of which the
respondent could have availed itself were not here for re-
view.     For this reason if we should now do what we are
asked, the result will be that the defendant, without any
fault on its part, would be deprived of rights which it
might have, growing out of errors of law occurring at the
trial.     If the plaintiff had seen fit to remit in the court be-
low, the defendant could have accepted such remittance,
and allowed the order denying the motion for a new trial
based thereon to stand, or it could have prosecuted its ap-
peal from such order on the ground that there had been
such errors committed as entitled it to have the verdict set
aside, and its motion for a new trial granted; but the offer
of the plaintiff to remit here, and upon such remittal to

have this court make an order denying defendant's motion, would deprive it of the benefit of a new trial without its right thereto having been passed upon.

The petition must be denied.

SCOTT, ANDERS and STILES, JJ., concur.