[No. 1321.   Decided June 26, 1894.]

ROBERT P. RIGNEY, *Appellant.* v. THE TACOMA LIGHT
AND WATER COMPANY, *Respondent.*

NEW TRIAL — DISCRETION OF TRIAL COURT.

It is not an abuse of the discretion reposed in a trial court for it
to award a new trial in an action for damages, unless the plaintiff
will remit $1,600 of a verdict for $3,000, when the evidence is too
indefinite and unsatisfactory to support the verdict.

*Appeal from Superior Court, Pierce County.*

*Baker & Campbell,* for appellant.
*Charles W. Seymour,* for respondent.

The opinion of the court was delivered by

SCOTT, J. — Plaintiff sued for damages for the unlawful
diversion by the respondent of the waters of a natural water
course called Clover creek, and its tributaries which flow
through and upon the lands of the plaintiff.  He sought to
recover therein for damages resulting from such diversion
during the three years immediately preceding the com-
mencement of the action.   Issue was joined and trial had,
and the jury returned a verdict in favor of the plaintiff for
$3,000.   The defendant moved for a new trial upon several
of the statutory grounds, one of which was insufficiency of
the evidence to justify the verdict; and another was exces-
sive damages appearing to have been given under the in-
fluence of passion or prejudice.   The court granted a new
trial unless plaintiff would consent to remit $1,600 from
the verdict, and the plaintiff appealed therefrom.

Said claim for damages was based upon three grounds.
One was in consequence of being deprived of water for
horses, cattle and other stock; another for deprivation of
the seepage water to the pasture lands, and the third for

the deprivation of the overflow waters of the low lands. The lower court filed a written opinion on the motion for a new trial, whereby it appears the court found that the evidence was sufficient to sustain a recovery upon the first ground alleged, which however only amounted to a portion of the damages recovered; and that, in the opinion of the court, the evidence was insufficient to justify the remainder of the verdict upon the other grounds.

It is contended by appellant that the order of the court granting a new trial ought not to be allowed to stand, for the reason that it appears that the findings of the court were erroneous. It seems by the opinion filed that the court did not find that the jury were at all influenced by passion or prejudice, but found the contrary, and appellant claims it was only upon this ground that the action of the court could be sustained in requiring him to remit a portion of the verdict, to avoid having it set aside entirely. The amount claimed for damages upon the first ground was only $1,000, and the amount proved by plaintiff was still less than this; so that it appears that a part of the $1,400 which the court ruled might stand would necessarily have been based upon one or both of the other grounds of damages sued for.

Appellant further contends that the action of the court cannot be sustained upon the ground of insufficiency of the evidence, for if the evidence was insufficient as to the two other grounds alleged, the court should have set aside the entire amount recovered or based upon said grounds; and that by allowing a part of it to stand it was found that there was some evidence to support it, and the evidence to support a part would support all of it.

Appellant further contends that there was evidence in the case sufficient to support the verdict as brought in, and consequently, that it was beyond the power of the trial court to set the same aside, or make the order in question,

on the ground last specified.   It may be that, by taking an extreme view of the testimony and the inferences to be drawn therefrom, and giving it its most favorable construction for the plaintiff, there would be some evidence upon which the verdict of the jury might be based; but it was certainly weak and unsatisfactory in some particulars, if not entirely wanting.

In *Pederson v. Seattle, etc., Street Ry. Co.*, 6 Wash. 202 (33 Pac. 351), this court said:

"Insufficiency of the evidence to justify the verdict is made a ground for a new trial by our statute; and that would seem to imply that in proper cases a new trial may be awarded although the verdict be supported by some evidence."

And in *Kohler v. Fairhaven, etc., Ry. Co.*, 8 Wash. 452 (36 Pac. 253), we held in effect that the granting of a new trial in such an instance as this is a matter intrusted to the discretion of the lower court, and would not be interfered with unless it was made to appear affirmatively that such discretion had been improperly exercised.

After considering the testimony introduced upon the trial of this case, we do not think there was any abuse of discretion in the premises.   In fact the evidence appears to us to have been indefinite, insufficient and wanting in several particulars to sustain the verdict as brought in; and that the jury did not have sufficient evidence before it to base a verdict upon the second and third grounds specified.   The appellant cannot complain because the court, instead of setting the same aside entirely, allowed him the privilege of retaining a portion of it.

Affirmed.

HOYT, STILES and ANDERS, JJ., concur.

DUNBAR, C. J., dissents.