[No 2212.   Decided September 18, 1896.]

COLEMAN McDONOUGH, *Respondent*, v. THE GREAT NORTHERN RAILWAY COMPANY, *Appellant*.

PLEADING — AMENDMENT DURING TRIAL — EXCESSIVE DAMAGES — REMISSION OF EXCESS — DUTY OF MASTER TO SERVANT — FELLOW SERVANTS — EXCEPTIONS TO INSTRUCTIONS.

It is within the discretion of the court to permit the amendment of a complaint by plaintiff after the close of his testimony, and it is not an abuse of such discretion when the amendment is not of such a character as to materially change the cause of action, nor such as to occasion surprise or place opposing counsel at a disadvantage.

Where the trial court finds that a portion of the damages assessed by the jury is excessive, it is not required to grant a new trial, but may properly direct a remission of the excessive portion of the verdict.

A foreman in charge of railway construction work, with authority to employ and discharge workmen and direct them in the performance of their work, and who is the sole representative of the company at the place or within miles thereof, stands in the position of a vice principal, although it may be the duty of such foreman to receive orders from, and report to, the roadmaster, whose headquarters were at a considerable distance from the place of work.

The master owes a positive duty to an employee, not only to provide him with a reasonably safe place in which to work, so far as the nature of the work undertaken and the exigencies of the case will permit the same to be made reasonably safe, but also to observe such care as will not expose the employee to perils and dangers which may be guarded against by reasonable care and diligence; and where the performance of this positive duty is by the master entrusted to another, his failure to perform is the failure of the master.

Under Laws 1893, p. 112, § 4, providing that "Exceptions to a charge to a jury  .  .  .  may be taken by any party by stating to the court  .  .  .  that such party excepts to the same, specifying .  .  .  the parts of the charge excepted to," a general exception to a charge of the court setting forth four distinct elements of damage upon which plaintiff might recover, if he made out his case, is insufficient for the purpose of securing a review on appeal, when three of the elements of damage discussed by the court are manifestly correct, and the attention of the court was not directed to the particular portion of the charge complained of.

Appeal from Superior Court, Spokane County.—
Hon. WALLACE MOUNT, Judge.   Affirmed.

*C. Wellington*, and *Jay H. Adams (M. D. Grover*, and
*Will H. Thompson*, of counsel), for appellant.

In the absence of a specific allegation that defend-
ants' negligence caused the injury complained of, the
complaint is bad on demurrer, unless it clearly ap-
pears from the complaint that the servant, whose
negligence is charged and relied on for a recovery,
stood in the place of the master as vice-principal, or
was negligent in the discharge of a duty owed by the
master to his employees. *Brazil, etc., Coal Co. v. Cain*
98 Ind. 282; *Indiana Car Co. v. Parker*, 100 Ind. 181;
*Capper v. Louisville, etc., Ry. Co.*, 103 Ind. 305; *Thomp-
son v. Chicago, etc., Ry. Co.*, 18 Fed. 239; *Hoth v. Peters*,
55 Wis. 405.

The rule requiring the master to provide a safe
place for the servant does not apply where the work
of the servant consists in making a dangerous place
safe, or in constantly changing the character of the
place for safety, as the work progresses, but in such
cases the servant assumes the risk of the dangerous
place and of the increase of danger caused by the
work.   *City of Minneapolis v. Lundin*, 58 Fed. 525;
*Finalyson v. Utica Mining & Milling Co.*, 67 Fed. 507,
and authorities cited.

Where it is found that the damages assessed are, in
fact, excessive, there should be a new trial granted as
provided by statute.   In the case at bar, one-third of
the amount of the verdict the court required to be
remitted, and to that extent the damages assessed
were excessive, and were the result of passion or
prejudice as found by the court below.   And where

such is the finding, the rule provided by statute should be imperative and a new trial granted. *Atchison, etc., Ry. Co. v. Dwelle*, 24 Pac. 500; *Steinbuchel v. Wright*, 23 Pac. 560; *Gulf, etc., Ry. Co. v. Coon*, 7 S. W. 492; *Bell v. Morse*, 29 Pac. 1086; *Nunnally v. Taliaferro*, 18 S. W. 149; *Missouri, etc., Ry. Co. v. Perry*, 27 S. W. 496; *Brunswick L. & W. Co. v. Gale*, 18 S. E. 11; *Unfried v. Baltimore & Ohio R. R. Co.*, 12 S. E. 512.

It was error for the court to instruct the jury that, in the event of a verdict for the plaintiff, he would be entitled to recover such a sum as would compensate him for any loss of power or ability to earn money in and about his occupation and business, for such a time subsequent to the period of six months after the date of receiving the injury as the same will probably continue, when the allegation of the complaint was that he was prevented from following his usual avocation for the period of six months, and it is not averred that after the expiration of such time his injury was of such a nature as to lessen his earning power or prevent his following his usual avocation. *Slaughter v. Metropolitan St. Ry. Co.*, 23 S. W. 760; *Coontz v. Missouri Pacific Ry. Co.*, 22 S. W. 572; *Chicago, etc., Ry. Co. v. Klauber*, 9 Ill. App. 613; *Staal v. Grand St. & N. R. Co.*, 13 N. E. 624; *Robinson v. Marino*, 3 Wash. 440 (28 Am. St. Rep. 50).

Evidence of custom not competent for purpose of showing that appellant has not taken usual precautions. *Earl v. Crouch*, 16 N. Y. Supp. 770; *Ilwaco Ry. & N. Co. v. Hedrick*, 1 Wash. 446 (22 Am. St. Rep. 169).

*Graves, Wolf & Graves*, for respondent:

A general class of work was being done by appel-

lant, and the persons whose negligence is alleged to have caused respondent's injury were in active charge, not only having the right to direct and control this entire work, but to employ and discharge the men engaged thereon. Therefore these foremen were not fellow servants; but were acting in the stead of the appellant, and their negligence was the negligence of the master. *Louisville, etc., Ry. Co. v. Graham*, 24 N. E. 668; *Brabbits v. Chicago, etc., Ry. Co.*, 38 Wis. 289; *Schultz v. Chicago, etc., Ry. Co.*, 4 N. W. 399.

Can it be said that the foreman was a fellow servant of respondent? This foreman was given a gang of men and a construction train, and was told that there was certain work at a certain place to do, and that he was to go and do it. He had absolute charge of the work within those limits; he had the right to hire and discharge men; to direct the running of the train; to put the men to work and to take them off, and to assign to each and every man his daily place of labor. He was no more the fellow servant of the respondent than the roadmaster was. In support of our contention we cite a few of the leading authorities. Shearman & R., Negligence (4th ed.) §§ 223, 226, 227; *Anderson v. Bennett*, 16 Ore. 515 (8 Am. St. Rep. 311); *Railroad Co. v. Keary*, 3 Ohio St. 211; *Lake Shore, etc., Ry. Co. v. Spangler*, 8 N. E. 467; *Palmer v. Railroad Co.*, 53 N. W. 397; *Lyttle v. Railway Co.*, 47 N. W. 571; *Brown v. Sennett*, 68 Cal. 229 (58 Am. Rep. 8); *Taylor v. Railroad Co.*, 22 N. E. 876; *Nall v. Railway Co.*, 28 N. E. 184; *Darrigan v. Railroad Co.*, 52 Conn. 285 (52 Am. Rep. 590); *Baldwin v. St. Louis, etc., Ry. Co.*, 75 Iowa, 297 (9 Am. Rep. 479); *Hannibal, etc., Ry. Co. v. Fox*, 3 Pac. 323; *Con. Coal Co. v. Wombacher*, 24 N. E. 628; *Madden's Adm'r v. Railway Co.*, 28 W. Va. 618 (57 Am. Rep. 695), *Cooper v. Railway Co.*, 24 W. Va. 37; *Bloyd v. Rail-*

*way Co.,* 22 S. W. 1089; *Hall v. St. Joseph Water Co.,* 48 Mo. App. 356; *Stephens v. Railroad Co.,* 86 Mo. 221; *Schroeder v. Railway Co.,* 18 S. W. 1094; *Missouri Pac. Ry. Co. v. Williams,* 12 S. W. 836; *Mason v. Railroad Co.,* 16 S. E. 699; *Moon's Adm'r v. Railroad Co.,* 78 Va. 745; *Denver, etc., Ry. Co. v. Driscoll,* 12 Colo. 520 (13 Am. St. Rep. 243); *Colorado Midland Ry. Co. v. Naylon,* 30 Pac. 250; *Louisville, etc., R. R. Co. v. Collins,* 2 Duv. 117 (87 Am. Dec. 486); *Van Amburg v. Railroad Co.,* 37 La. An. 650 (55 Am. Rep. 517); *Chicago, etc., Ry. Co. v. Lundstrum,* 20 N. W. 200; *Burlington, etc., Ry. Co. v. Crockett,* 26 N. W. 921; *Louisville, etc., R. R. Co. v. Bowler,* 9 Heisk. 866; *Railway Co. v. Collins,* 1 S. W. 883; *Cleveland, etc., Ry., Co. v. Brown,* 6 C. C. A. 145; *Reddon v. Union Pacific R. R. Co.,* 15 Pac. 264; *Boatwright v. Railroad Co.,* 25 S. C. 128; *Augusta Factory v. Barnes,* 72 Ga. 227; *Central Railroad v. DeBray,* 71 Ga. 406; *Daub v. Northern Pac. R. R. Co.,* 18 Fed. 632; *Ryan v. Los Angeles I. & C. S. Co.,* 44 Pac. 471.

It is the master's duty to provide a safe place for his employee to do his work, and to see that it is kept in a suitably safe condition, and this duty he cannot delegate to another so as to relieve himself from liability. *B. & O. R. R. v. Baugh,* 149 U. S. 386; *Hough v. Railway Co.,* 100 U. S. 213; *Northern Pac. R. R. Co. v. Herbert,* 116 U. S. 647; *Union Pacific R. Co. v. Jarvi,* 3 C. C. A. 435; *Louisville, etc., R. R. Co. v. Ward,* 10 C. C. A. 169; *Northern Pac. R. R. Co. v. Charless,* 2 C. C. A. 380; *Cunningham v. Railway Co.,* 7 Pac. 795; *Beeson v. Mining Co.,* 57 Cal. 20; *Mather v. Rillston,* 156 U. S. 397; *Northwestern Fuel Co. v. Danielson,* 6 C. C. A. 636; *Trihay v. Brooklyn Lead Mining Co.,* 11 Pac. 615; *Burke v. Anderson,* 69 Fed. 814; *Louisville, etc., R. R. Co. v. Ward,* 61 Fed. 927; *Union Pac. Ry. Co. v.*

*O'Brien,* 16 Sup. Ct. 618; *Elledge v. National City, etc., Ry.,* 34 Pac. 720.

It is within the discretion of the trial court to require a remission of a portion of the verdict as a condition for the denial of a new trial. *Arkansas Cattle Co. v. Mann,* 130 U. S. 73; *Northern Pac. R. R. Co. v. Herbert,* 116 U. S. 646; *Southern Pac. Co. v. Tomlinson,* 33 Pac. 711., *Davis v. Southern Pac. Co.,* 32 Pac. 646; *Collins v. Council Bluffs,* 35 Iowa, 433; *Lombard v. Chicago, etc., Ry. Co.,* 47 Iowa, 498; *Patten v. Chicago, etc., Ry. Co.,* 32 Wis. 536; *Whitehead v. Kennedy,* 69 N. Y. 469; *Doyle v. Dixon,* 97 Mass. 208 (98 Am. Dec. 84); *Marsh v. Union Pac. Ry. Co.,* 6 Am. & Eng. R. R. Cases, 359; *Little Rock, etc., Ry. Co. v. Barker,* 19 Am. & Eng. R. R. Cases, 201; *Zion v. Southern Pac. Co.,* 67 Fed. 500; *Reddon v. Union Pac. Ry. Co.,* 15 Pac. 267.

Evidence of general custom is always competent as going to the question of ordinary care in furnishing the employee safe appliances and a safe place of work. *Flynt Bldg. & Const. Co. v. Brown,* 67 Fed. 68; *Doyle v. St. Paul, etc., Ry. Co.,* 41 Am. & Eng. R. R. Cases, 378; *Kolsti v. Railway Co.,* 19 N. W. 655; *Kelly v. Railway Co.,* 9 N. W. 588; *Lafflin v. Railroad Co.,* 12 N. E. 599; *Loftus v. Ferry Co.,* 84 N. Y. 455 (38 Am. Rep. 533); *Martin v. Railway Co.,* 29 Pac. 645; *Murphy v. Greeley,* 15 N. E. 655; *Pennsylvania Co. v. Hankey,* 93 Ill. 580.

The opinion of the court was delivered by

GORDON, J.—The appellant is a railway corporation owning and operating a line of railway in this state. The respondent brought this action in the superior court of Spokane County to recover damages for an injury to his person, which damages he alleges were sustained by reason of appellant's negligence. The

250 McDONOUGH v. GREAT NORTHERN RY. CO.

Opinion of the Court — GORDON, J.        [15 Wash.

complaint among other things, alleges that in the month of January, 1893, the appellant company was engaged in blasting rock near its track and transporting the same on flat cars to Mason Creek, a distance of about three miles, to .be used in riprapping; that one Nolan was at said time and place in control and charge of said work and of the men engaged thereon, including the plaintiff, and that one Ryan was also foreman and as such had direction of said work in connection with Nolan; that on the 8th day of said month, while plaintiff was engaged drilling a hole into a certain large rock lying by the side of said railway, "the said rock was exploded by reason of the concealed load of giant powder therein. . . . That said Nolan at all times after said charge of powder was placed in said rock well knew that said charge of powder was concealed therein, and negligently and carelessly permitted same to remain therein, and without giving notice thereof and negligently and carelessly permitted plaintiff to drill the said hole therein, well knowing the danger incident thereto. That at the time of drilling said hole and at all the times before and up to the time of receiving injury herinafter mentioned, plaintiff was ignorant that said powder or other explosive was concealed in said rock and wholly ignorant that there was any danger in and about doing said work." As the result of said explosion plaintiff sustained severe bruises and wounds in and about the face, head, neck and left eye, as a result of which he was obliged to have his eye removed. Continuing the complaint alleges:

"That said injuries to plaintiff have continued ever since the time of receiving said hurts to the present time, and are permanent and will continue for the

whole of his natural life.   That by the reason of the loss of said eye plaintiff is deformed and his face has become and is ugly and repulsive, and will so continue for the whole period of his natural life.   That by reason of said injury plaintiff was prevented for a period of six months from following his ordinary avocation and business.   That plaintiff's business was at the time of such injury and for a long time before had been and yet is that of a common laborer, and that he was used to earn in and about his said business two dollars per day, and that by reason of his injuries and loss of time for said period of six months has been damaged in the sum of four hundred dollars.   That in consequence of said injuries plaintiff has suffered great pain and anguish, and will suffer great pain and anguish for the whole of his natural life.   That by reason of the premises plaintiff has been damaged in the sum of forty thousand dollars."

The court overruled a demurrer to the complaint and appellant answered denying all the material allegations of the complaint and alleging affirmatively that whatever injury respondent sustained was sustained by reason of his own want of care and resulted from one of the risks of the employment which he voluntarily assumed.   The trial resulted in a verdict in favor of respondent in the sum of $7,500.   Upon motion for a new trial the lower court found that said verdict was excessive to the extent of $2,500, and ordered that that amount of the verdict should be remitted by respondent, and respondent having consented thereto, judgment was entered against appellant for the sum of $5,000, from which it has appealed.

From the evidence it appears that the respondent was one of a gang of laborers comprising some sixty or more, all of whom were under the control of one Nolan who had absolute charge of this particular work, with authority to hire and discharge laborers and di-

rect when and where they should work and what labor they should perform. He also had a construction train under his charge and control for the purpose of transporting the rock from the place where it was taken out to the point on said creek where it was to be used. Plaintiff was a common laborer and had been in the employ of the appellant for about two months prior to the injury, but had been working at the place where the accident occurred for about two weeks only. More or less blasting was done in breaking up and removing the rock. It seems that the usual method pursued was to load a number of blasts or charges, then retire the men to a place of safety and fire the blasts; that a set of blasts was so fired on the afternoon of the 7th of January, 1893. The evidence clearly shows that at that time the respondent was not at the quarry or place where the blasts were fired, but was engaged in unloading rock from the cars at the creek some three or four miles distant; that on the following day he was at work in the quarry and, as we think the evidence sufficiently showed, was engaged in performing such labor as was required of him, and while assisting in the drilling of a hole in a rock (the respondent holding the drill while another workman used the hammer), an explosion occurred, resulting in the injuries to the respondent hereinbefore referred to. The evidence shows that the rock which respondent was engaged in drilling at the time of the explosion had the appearance of having come down the hill-side to the place at which it was lying when the work of drilling began; that it was partially covered with dirt and snow, and there was nothing " to indicate any appearance of a blast being in there."

John McDonough, a witness for the plaintiff, testified that on the day before the accident occurred and

just after a set of blasts had been fired and the men
had returned to the quarry, he saw Nolan (the fore-
man) walk up to the rock in question and take hold of
the fuse and "pulled it up and threw it over his shoul-
der."

"*Question:* What rock was it he pulled the fuse out
of? *Answer:* The one next the track, the one the men
was drilling when he was blowed up."

"Q. This was about four o'clock the day before he
got hurt? A. Yes, sir, on the 7th."

On cross-examination he further testified:

"Q. You know you saw him (Nolan) right there?
A. Yes, sir."

"Q. Walk and pick up the fuse? A. Yes, sir."

"Q. And pulled it out of the rock and threw it over
his shoulder? A. Yes, sir."

Numerous errors have been assigned in the able
brief of appellant's counsel, but those mainly urged
and the only ones which we think are of sufficient im-
portance to require special mention are as follows:

1. It is urged that the court erred in permitting the
respondent, after the close of his testimony, to file an
amended complaint. We do not think that the amend-
ment was of such a character as to materially change
the cause of action, or such as to occasion surprise or
place opposing counsel at a disadvantage, and the rul-
ing of the lower court in this respect falls within the
holding of this court in *Hulbert v. Brackett,* 8 Wash.
438 (36 Pac. 264).

2. It is urged that the lower court having found that
a portion of the damages assessed by the jury was in
fact excessive, should have granted a new trial and
not have directed a remission of a portion of the ver-
dict. But this court has in numerous cases sanctioned
the course pursued by the trial court. *Winter v.
Shoudy,* 9 Wash. 52 (36 Pac. 1049); *Kohler v. Fairha-*

*ven, etc., Ry. Co.,* 8 Wash. 452 (36 Pac. 253, 681); *Rigney v. Tacoma Light & Water Co.,* 9 Wash. 245 (37 Pac. 297).

3. The following instructions were requested by the appellant, and the refusal of the court to give them to the jury was excepted to:

"1. If you should find from the evidence that the injuries sustained by the plaintiff, if any such he did sustain, were received by him through the omission of the foreman Nolan to notify the plaintiff of the existence of an unexploded blast on the rock whereon the plaintiff was working, then I instruct you that such omission on the part of Nolan was the act of a fellow-servant and the plaintiff is not entitled to recover."

"3. If you find from the evidence that William Nolan had charge and control of the plaintiff and his co-laborers at the time of the happening of the injury to the plaintiff, and had the power to employ and discharge such laborers, and with authority to direct such laborers in the performance of their work, yet if you should further find that said Nolan was under the control, supervision and oversight of the roadmaster, or assistant roadmaster of the defendant, and that the work being done by the said Nolan and his gang of laborers was under the control, supervision and oversight of such roadmaster or assistant roadmaster, then I instruct you that in the matter of the details of the work being done by Nolan and his gang of laborers Nolan was a fellow-servant with the plaintiff and for the omission of the said Nolan in removing the unexploded blast or for his omission to notify the plaintiff of the particular danger which resulted in the injuries complained of, the defendant is not liable because such act or omission is the act of a fellow-servant of the plaintiff and for whose negligence the defendant is not chargeable, and you should find for the defendant."

Upon the question whether Nolan was the fellow-

servant of plaintiff and appellant liable for his negligence, the court charged as follows:

"If the said foreman was a fellow-servant with the plaintiff, then he cannot recover for any negligence of the said foreman.  A fellow servant of the plaintiff in law is one working with him in the same common employment and for the same master, no difference in the position, wages and station of the two servants claimed to be fellow servants can affect this relation. So long as they are both working for a common master about a common business they are fellow servants, and one may not recover against the common master for an injury received from the negligence of the other. But if one servant is placed in the position of control, authority and direction over the whole work of the master, or over some general, separate or distinct branch thereof, and is empowered by the master to exercise the master's authority, control and direction over said work and over the other servants engaged in and about said work, and is vested with authority to direct where, when, how and in what manner such work shall be done and such other servants shall do said work, then such controlling employee is not a fellow servant with one working under him and thus subject to his direction and control.  Such directing servant becomes for such work and towards such servants the vice principal of the master."

It is urged that the giving of the instruction above set out and the failure to give those requested by appellant upon the subject constitute reversible error. An examination discloses a very great want of harmony among the authorities upon this subject, and we will not enter upon an extended analysis of them. This court in *Zintek v. Stimson Mill Co.*, 6 Wash. 178 (32 Pac. 997), held that,

"A yard boss of a lumber yard who has entire control of the yard with power to hire and discharge workmen, and to employ them under his orders, is a

vice principal, and not a fellow servant of the men who work under his control and superintendence."

And upon a second appeal in the same case, in 9 Wash. 395 (37 Pac. 340), this proposition was reaffirmed. It is true, as urged by appellant, that Nolan was under the direction of the roadmaster of that division of the road upon which plaintiff was employed at the time of the accident. The headquarters of the said division were at the city of Spokane, a considerable distance from the place of the accident. It was the duty of Nolan to receive orders from the roadmaster, to whom he was also required to report; but it is also true, as already noticed, that Nolan had charge and control of the workmen at the place where this injury occurred, with authority to direct them in the performance of their work; and that he was the sole representative of the company at that place or within miles thereof. Not only did he have the right to direct them when and where they should perform services, but he had authority to discharge them and employ others. He also had control of the train employed in moving the rock. In the case of *Chicago, etc., Ry. Co. v. Ross*, 112 U. S. 377 (5 Sup. Ct. 184, 192), that court held that:

"A conductor of a railroad train, who has the right to command the movements of the train and to control the persons employed upon it, represents the company while performing those duties, and does not bear the relation of fellow-servant to the engineer and other employees of the corporation on the train."

The court say:

"He is in fact, and should be treated as, the personal representative of the corporation, for whose negligence it is responsible to subordinate servantos.  .  .  . *If such a conductor does not represent the company,*

*then the train is operated without any representative of its owner."*

We think that the principle there declared is applicable to the facts under consideration in this case. Here was a large and important piece of work undertaken by the appellant, requiring for its discharge the employment of a great number of men, considerable machinery and dangerous explosives. The managing officer or officers of the appellant had invested Nolan with full power to carry out the work and control the employees under him, and we think that in the discharge of these duties he became the representative of the company.

In *Brabbits v. Chicago & N. W. Ry. Co.*, 38 Wis. 289, the court say:

" The functions of a railway company must be performed by numerous servants or employees, and among these there must necessarily be a gradation of authority, arranged with reference to the business of the company."

We think that in reason and upon the authority of the better considered cases, it must be held that it is a positive duty which the master owes to an employee not only to provide him with a reasonably safe place in which to work—so far as the nature of the work undertaken and the exigencies of the case will permit the same to be made reasonably safe—but also to observe such care as will not expose the employee to perils and dangers which may be guarded against by reasonable care and diligence; and where the performance of this positive duty is by the master entrusted to another, his failure to perform is the failure of the master. The discharge of this duty was in the case at bar entrusted by appellant to its foreman, Nolan. He was the superintending officer at the

place where the work was being performed, with full power and control over the plaintiff and all others connected in the active discharge of the work. Under the circumstances we think it follows that his negligence was the negligence of the company.

In *B. & O. Ry. Co. v. Baugh*, 149 U. S. 386 (13 Sup. Ct. 914, 921), the court say:

" Again, a master employing a servant impliedly engages with him that the place in which he is to work and the tools or machinery with which he is to work, or by which he is to be surrounded, shall be reasonably safe. It is the master who is to provide the place and the tools and the machinery, and when he employs one to enter into his service he impliedly says to him that there is no other danger in the place, the tools and the machinery, than such as is obvious and necessary. Of course, some places of work and some kinds of machinery are more dangerous than others, but that is something which inheres in the thing itself, which is a matter of necessity, and cannot be obviated. But within such limits the master who provides the place, the tools, and the machinery owes a positive duty to his employee in respect thereto. That positive duty does not go to the extent of a guarantee of safety, *but it does require that reasonable precautions be taken to secure safety,* and it matters not to the employee by whom that safety is secured, or the reasonable precautions therefor taken. He has a right to look to the master for the discharge of that duty, *and if the master, instead of discharging it himself, sees fit to have it attended to by others, that does not change the measure of obligation to the employee,* or the latter's right to insist that reasonable precaution shall be taken to secure safety in these respects."

4. Appellant excepted to the giving of the following instructions:

" 15. If you should find for the plaintiff under the instructions of the court, you will then proceed to

assess his damages, and in respect thereto I instruct you that plaintiff is entitled to recover, if at all, for all time which he may have lost for the period of six months after receiving such injury as a direct consequence of said injury as the same may appear by the evidence to be fairly and reasonably worth, not exceeding, however, the sum of $400.  He is also entitled to recover, if you find for him, for any and all pain and suffering which he may have endured up to the present time in consequence of such injury.  In estimating pain and suffering the law fixes no exact measure of damages, it is left to the sound judgment of the jury to determine what will compensate therefor.  The jury should not be governed by passion or prejudice or by whim and fancy in fixing an amount therefor, but should exercise a sound, reasonable and prudent judgment thereon.  The plaintiff is also entitled to recover in this action, if you find for him, fair and reasonable compensation for any deformity resulting to him as a consequence direct and proximate of his injury, if any.  And in determining what amount he should recover therefor, the jury may consider all the facts and circumstances in the case, and whether such injury is or will be permanent, and if not permanent how long it will continue.  And plaintiff is also entitled to recover, if you find for him, such a sum as will fairly and reasonably compensate him for any loss of power or ability to earn money in and about his occupation and business for such a time subsequent to the period of six months after the date of receiving any injury which he may have received as the same will probably continue.  The limit of plaintiff's recovery in any event is $40,000."

The objection urged in the brief, as well as in the oral argument, goes only to the latter part of the instruction, and it is insisted that under the allegations of the complaint plaintiff is not entitled to recover anything by reason of his earning ability being impaired as a result of the accident, and that inasmuch as the complaint avers that the respondent was pre-

vented from following his usual business for the period of six months by reason of the injury sustained and in consequence thereof was damaged in the sum of $400, that "it must be presumed that the earning power of the respondent had been restored at the expiration of the period of six months." We do not think that appellant is entitled to urge this objection. The exception to the charge below was: "Because the same does not properly state the measure of plaintiff's damages or recovery under the allegations of the complaint." The exception as taken goes to the entire instruction above set out. It is manifest that the greater portion of the instruction is unobjectionable and it is not complained of. It correctly stated the measure of plaintiff's recovery upon the question of plaintiff's loss of time for the period of six months after receiving the injury. It also laid down the proper rule for the assessment of damages by reason of pain and suffering which plaintiff may have endured. It also correctly informed the jury as to what compensation might be allowed to him because of any deformity resulting to him in consequence of the injury. In other words, there were four distinct phases of the case relating to the measure of plaintiff's recovery which are covered by the instruction, and we think it was the duty of appellant to indicate by its exception the particular portion of the instruction of which it complained.

Sec. 4 of the act of March 8, 1893, (Laws 1893, p. 112), provides: "Exceptions to a charge to a jury . . . may be taken by any party by stating to the court . . . that such party excepts to the same, specifying by numbers of paragraphs or otherwise the parts of the charge excepted to." It is the general rule that "exceptions to be of any avail must present

distinctly and specifically the ruling objected to."
*Insurance Co. v. Sea*, 21 Wall. 158.

And this, we think, is as applicable to exceptions to
a charge as to any other ruling.  The exception in
the form here taken was not calculated to direct the
attention of the court to the particular portion of the
charge complained of and it does not "specify the
part of the charge excepted to" within the meaning
of § 4, *supra*.  See, also *Meeker v. Gardella*, 1 Wash.
129 (23 Pac. 837); *Maling v. Crummey*, 5 Wash. 222
(31 Pac. 600).

No reversible error appearing of record, the judg-
ment and order appealed from are affirmed.

ANDERS, SCOTT and DUNBAR, JJ., concur.