[No. 5448. Decided February 27, 1905.]

ALICE J. DAVIS *et al.,* *Respondents,* *v.* CITY OF SEATTLE, *Appellant.*[1]

PARTIES—HUSBAND AND WIFE—PERSONAL INJURIES TO WIFE— TRIAL AMENDMENT ADDING HUSBAND AS PARTY PLAINTIFF. Where a married woman brought an action for personal injuries in her own name, her husband being a necessary party thereto, and a motion to dismiss is made at the trial for defect of parties plaintiff upon the fact of marriage appearing, it is proper under Bal. Code, § 4953, to permit a trial amendment to the complaint, bringing in the husband as a party plaintiff, he being present and consenting, when no claim of surprise or request for a continuance is made, and there is no change in the issues.

MUNICIPAL CORPORATIONS — PERSONAL INJURIES — PRESENTING CLAIM BY MARRIED WOMAN—FAILING TO JOIN HUSBAND—OBJECTIONS. Under a city charter requiring claims for damages to be presented to the city council within thirty days, and providing that no action shall be maintained thereon until sixty days after such presentation, a claim for personal injuries presented by a married woman in her own name is sufficient to support an action therefor by the husband and wife, where the claim was not rejected by the city council on the ground that the husband was a necessary party thereto, or for any insufficiency in the notice, and where the claim was admitted in evidence without objection, and its sufficiency not questioned until after the findings of fact were filed; since the intent of the charter to give the city early notice was fulfilled, and the same is to be liberally construed.

[1] Reported in 79 Pac. 784.

Appeal from a judgment of the superior court for King county, Morris, J., entered June 3, 1904, upon findings in favor of the plaintiffs after a trial before the court, a jury being waived, in an action for personal injuries sustained through a defect in a sidewalk.   Affirmed.

*Mitchell Gilliam* and *Hugh A. Tait,* for appellant.

*Root, Palmer & Brown,* for respondents

CROW, J.—This is an action to recover damages for personal injuries sustained by the respondent Alice J. Davis, in falling on a defective sidewalk, on one of the public streets in the city of Seattle.   The action was originally commenced by Alice J. Davis alone, her husband not being joined as a party.   Trial was had by the court, a jury being waived.   It did not appear on the face of the original complaint that respondent Alice J. Davis was a married woman, and no question of any defect of parties was raised by demurrer or answer, or in any manner prior to the trial.   Upon the trial, however, the evidence disclosed the fact that respondent Alice J. Davis, at the time of the injury, at the time of filing her claim with the city for damages, and at the time of trial, was a married woman, living with her husband, B. W. Davis.   At the conclusion of respondent's evidence, appellant moved for judgment in its favor, for the reason that respondent Alice J. Davis, being a married woman, residing with her husband, who was not a party plaintiff, could not recover; that damages, if collectible at all, would be community personal property; and that the husband, having the management and control of the same, was a necessary party plaintiff. Prior to any ruling on this motion for judgment, the respondent Alice J. Davis, then the sole plaintiff, moved the court for leave to amend the complaint, by making her husband, B. W. Davis, a party plaintiff. This motion was granted, an

amended complaint was filed, and the husband, B. W. Davis, being present, appeared by his attorney, submitted himself to the jurisdiction of the court, and agreed to abide its decision. Thereupon the motion for judgment was denied. The appellant having introduced its evidence, the court made and filed its findings of fact and conclusions of law, the fifth finding of fact being as follows:

"(5) That within thirty days after the said 5th day of May, 1903, and within thirty days after the happening of the injury to the plaintiff, Alice J. Davis, described in said amended complaint herein, said Alice J. Davis presented to the city council of said city of Seattle, and filed with the city comptroller and *ex-officio* city clerk of said city, a claim for damages resulting to her by reason of the fall she sustained upon said sidewalk; that the said claim for damages was made, signed, presented and filed by said Alice J. Davis in her own behalf only, and that her said husband, the plaintiff B. W. Davis, did not formally join in said claim, and that no other claim for such injuries was ever filed with said city comptroller by said plaintiffs or either of them; that the said claim for damages, so presented and filed by said Alice J. Davis, was rejected by the said city of Seattle, and that it has refused to pay said claim, or any part thereof, and that more than sixty days elapsed after the said claim, so filed and presented by the said Alice J. Davis, had been filed and presented before the commencement of this suit."

Upon the findings and conclusions, judgment was entered in favor of respondents, Alice J. Davis and B. W. Davis, her husband, for $500, and costs, and this appeal was taken.

The first contention of appellant which we will consider is that the court erred in allowing the amendment whereby the husband, B. W. Davis, was made a party plaintiff; appellant insisting that a married woman, residing with her husband, cannot, suing alone, recover damages for personal injuries sustained by herself, and that it is

15-37 wash.

error to permit her, as such plaintiff, having no cause of action, to amend her complaint, and make her husband, the party having the cause of action, a party plaintiff, and to do so after the conclusion of the original plaintiff's evidence, and after she had rested her case on the trial.

This court has held in *Hawkins v. Front Street Cable R. Co.,* 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808, that an action for damages, based on personal injuries sustained by the wife, must be brought in the name of the husband, and that the wife, while not a necessary party, is a proper party, to such action. While the respondent Alice J. Davis could not have recovered in this action, suing alone, did the court commit error in permitting the amendment whereby the husband, B. W. Davis, was made a party plaintiff, and afterwards, with his wife, recovered judgment?

Section 4953, Bal. Code, provides: "The court may, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings, by *adding* or striking out the name of any party," etc. We think that, under this section, and under the circumstances of this case, the amendment was properly allowed. Appellant did not claim any surprise, and made no request for a continuance; no new issues, requiring additional preparation for trial, were formed; unnecessary delay and loss of time were avoided; there was no material change in the cause of action, or in the defense, and no abuse of discretion by the court was shown. The amendment was certainly in "furtherance of justice," was properly allowed, and not erroneous. *Hulbert v. Brackett,* 8 Wash. 438, 36 Pac. 264; *McDonough v. Great Northern R. Co.,* 15 Wash. 244, 46 Pac. 334; *Allend v. Spokane Falls & N. R. Co.,* 21 Wash. 324, 58 Pac. 244; *Morrissey v. Faucett,* 28 Wash. 52, 68 Pac. 352; *Daly v. Everett Pulp etc. Co.,* 31 Wash. 255, 71 Pac. 1014;

*Thomas v. Price,* 33 Wash. 459, 74 Pac. 563, 99 Am. St. 961.

The remaining assignment of error urged by appellant presents a question of more difficulty. Appellant insists that the husband and wife cannot recover damages against the city of Seattle, under its charter provisions relative to the presentation of claims for damages for personal injuries sustained by the wife, where the husband has failed to file or present a claim for such damages in his own behalf, or in behalf of the community, and where the only claim for such damages was one filed and presented by the wife alone, and in her own behalf only.

We have above set forth in the statement in this case, the fifth finding of fact made by the court; and the question now presented is, whether the claim filed by Mrs. Alice J. Davis, as shown by such finding of fact, was a compliance with art. 4, § 29, of the charter of the city of Seattle, sufficient to enable her husband and herself to jointly prosecute this action. The section of the charter referred to reads as follows:

"§ 29. All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim, or any part thereof, or appropriating money or other property to pay or satisfy the same, or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation."

We have no hesitancy in saying that it would have been a far better and safer practice to have presented the claim on behalf of the husband, who was the party authorized

to prosecute the action, as well as on behalf of the wife, who sustained the personal injury. Does it necessarily follow, however, that because the husband must bring the action in his own name, the wife cannot, herself and alone, as has been done in this case, file with the city a written claim for damages?

In passing upon this question, we feel that we should consider the reason which called for the enactment of this charter provision. Was it to require a technical and careful presentation of the claim, in every sense of the word, or was it for the purpose of simply giving the city a reasonable written notice of the existence of the claim, at an early date after the happening of the accident, so that it, the city, might have every favorable opportunity for investigating all of the facts and circumstances surrounding the transaction, and thereby be enabled to determine and ascertain the extent of its liability, if any, before evidence was lost, or existing conditions had materially changed? We think the latter was the purpose to be accomplished.

This exact question has not been heretofore presented to this court. This and similar charter provisions, however, have been before us for consideration, and, in the interest of justice, it has been our universal practice to give the same a liberal construction. *Bell v. Spokane,* 30 Wash. 512, 71 Pac. 31; *Durham v. Spokane,* 27 Wash. 615, 68 Pac. 383; *Sproul v. Seattle,* 17 Wash. 256, 49 Pac. 489; *Born v. Spokane,* 27 Wash. 723, 68 Pac. 386; *Ehrhardt v. Seattle,* 33 Wash. 664, 74 Pac. 827; *Scurry v. Seattle,* 8 Wash. 278, 36 Pac. 145.

It appears from the record that the claim actually presented by respondent Alice J. Davis was considered and rejected by appellant. In *Pearson v. Seattle,* 14 Wash. 442, 44 Pac. 884, it was urged, upon the trial, that a proper claim had not been filed, because the same had not been

verified as required by the charter. It appeared, however, that the claim had not been objected to or rejected on that ground, but solely on the ground that the city was not liable. This court held that the position of the appellant city, in objecting to the sufficiency of the claim, at the time it did, was not well taken in that case. We see no reason why the same rule should not apply here. *Griswold v. Ludington,* 116 Mich. 401, 74 N. W. 663; *Grothier v. New York & Brooklyn Bridge,* 19 N. Y. App. Div. 586; *Lindley v. Detroit,* 131 Mich. 8, 90 N W. 665.

It is only urged by appellant that the claim was not formally presented by the husband, in his own behalf or in behalf of the community. There is nothing in the record to show, nor is it urged, that the claim presented did not conform, in every other respect, to the requirements of the charter. It appears to have been considered and rejected by appellant, through its proper authorities, and the record utterly fails to show that the regularity or sufficiency of the claim, as to its form, or as to the person by whom it was signed, or presented, was ever questioned, until after the findings and conclusions herein were made and filed. The claim was admitted in evidence without objection. The statement shows that appellant caused the respondent Alice J. Davis to be examined by a physician, selected by itself. The written claim was not made defective simply because it was not signed by the parties entitled to recover. This court has held in *Born v. Spokane, supra,* that a plaintiff was not obliged to present or sign his claim in person. We fail to see why a wife might not, on behalf of the community, present a claim for damages based upon personal injuries sustained by herself.

We cannot understand how appellant has been deprived of any substantial right by reason of the alleged defective claim. Every opportunity was promptly afforded for investigation, and for protection of appellant's interest. We

therefore think that, under the circumstances of this case, the notice of claim must be held to be sufficient. There being no prejudicial error in the record, the judgment of the superior court is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

FULLERTON and RUDKIN, JJ., dissent.

ROOT, J., took no part.