[No. 9970.   Department One.   March 27, 1912.]

C. A. TOWNSEND *et al.*, *Respondents*, v. THREE LAKES
LUMBER COMPANY, *Appellant*.[1]

PARTIES—BRINGING IN NEW PARTIES—PLEADINGS—AMENDMENTS.
In an action for trespass by the cutting of timber, it is not error to
allow a trial amendment to the complaint, bringing in as plaintiffs
the plaintiff's father and mother, after the testimony showed that
the legal title to the land was in the son and that the parents had
some legal or equitable interest therein, the issues not being changed
and the defendants not claiming any surprise.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered May 8, 1911, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for trespass.   Affirmed.

*Cooley & Horan* and *R. Mulvihill*, for appellant.
*Coleman, Fogarty & Anderson*, for respondents.

PARKER, J.—This action was commenced by the plaintiff
C. A. Townsend against the defendant to recover damages
for the alleged unlawful cutting and removal of timber from
his land.   During the progress of the trial, the other plain-
tiffs were brought into the case.   The verdict was in favor
of the plaintiffs, which also included a finding, in substance,
that the trespass was willful on the part of the defendant.
Judgment was rendered accordingly against the defendant
for treble the amount of actual damages found by the jury,
as provided by Rem. & Bal. Code, § 939.

The principal contention of counsel for appellant is di-
rected against the sufficiency of the evidence to sustain the
verdict.   This only involves questions of conflict of evidence
and the credibility of witnesses.   A reading of the entire evi-
dence convinces us that we would not be warranted in inter-

[1]Reported in 122 Pac. 29.

fering with the judgment upon this ground. We deem it unnecessary to review the evidence in detail in this opinion.

It is also contended that the trial court erred in permitting the complaint to be amended during the progress of the trial by joining L. D. Townsend and wife as plaintiffs with C. A. Townsend; and also erred in, denying appellant's motion for a continuance made at the same time. At the beginning of the trial, it was admitted by counsel for appellant that C. A. Townsend, the original plaintiff, was the owner of the land at the time of the removal of the timber therefrom by appellant, as alleged in the original complaint. It developed from the testimony of C. A. Townsend, on his cross-examination by counsel for appellant, that L. D. Townsend and wife were the father and mother of C. A. Townsend, and had some interest in the land and timber. Whether their interest was legal or equitable does not clearly appear. But it is a fair inference from the testimony that the legal title was in C. A. Townsend, and that he had an understanding with his parents that they were to be regarded as having each a one-third interest. After this appeared in the evidence, counsel for respondent asked leave to amend the complaint, with the result above noticed. It is plain from the record that the bringing in of the new plaintiffs did not change the issues involved in the least. Counsel for appellant did not claim surprise, and made no showing whatever in support of their motion for continuance. Indeed, that they were not surprised at the fact that the parents had an interest of some nature in the land and timber, is shown by the fact that appellant received a notice before the removal of the timber from the land protesting against such removal, signed by the parents as well as by C. A. Townsend. This of course was long before the admission of ownership made by appellant's counsel at the beginning of the trial. We are of the opinion that the court acted well within its discretionary powers in making these rulings. Rem. & Bal.

Code, § 303; *Hulbert v. Brackett,* 8 Wash. 438, 36 Pac. 264; *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, GOSE, and CROW, JJ., concur.