[No. 665.  Decided October 25, 1892.]

JOHN SENGFELDER, *Respondent*, v. MUTUAL LIFE INSUR-
ANCE COMPANY OF NEW YORK, *Appellant*.

INSURANCE — ACTION TO RECOVER MONEY PAID — PLEADING COR-
PORATE CHARACTER — AUTHORITY OF AGENT — EVIDENCE.

In an action against an insurance company to recover a pre-
mium paid, the fact that defendant pleads an affirmative defense,
setting up the issuance of a policy by it in return for such premium
money, is a sufficient admission of defendant's corporate capacity
to waive allegation and proof by the plaintiff on that point.

The fact that a person is an agent of an insurance company for
the purpose of receiving applications for insurance is sufficient proof
of his authority to act for the company in the receipt of premium
money.

Where an insurance company, in an action against it to recover
money paid as a premium on a $5,000 policy, alleges in its answer
that the contract was for a $10,000 policy, which was delivered with
the understanding that after the first year it should be reduced to
one for $5,000, at the option of the insured, it is not error to allow
plaintiff to introduce in evidence a written instrument wherein a
demand was made by the company upon plaintiff for payment of
the second year's premium on the $10,000 policy.

*Appeal from Superior Court, Spokane County.*

*F. T. Post*, for appellant.

*Turner, Graves & McKinstry*, for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff brought this action to recover of the
defendant a certain sum of money which he had paid to
one Leadbetter, as the first annual premium upon a policy
of insurance upon his life for the sum of five thousand dol-
lars, to be thereafter issued by the defendant.  The ground
upon which he sought to recover this premium back was
that the defendant had failed to approve his application,
and issue him a policy as required by the terms of his ap-

plication.    Defendant in its answer, after making certain denials, alleged by way of affirmative defense that it had delivered to the plaintiff a policy of insurance for the sum of ten thousand dollars, with the understanding that at the end of the first year it should be reduced at the request of the plaintiff to the sum of five thousand dollars.    The plaintiff recovered a judgment for the amount of the premium paid by him, and defendant has brought the case here, and alleges three reasons why the judgment should be reversed.    *First*, Because it was not alleged or proved that defendant was a corporation, or any other association or body capable of being sued.    *Second*, That there was no sufficient proof that Leadbetter had authority to contract for the defendant, or that the money was ever paid to the defendant.    *Third*, For error on the part of the court in allowing a certain written instrument, wherein a demand was made by the defendant upon the plaintiff for payment of the second year's premium on the ten thousand dollar policy, to be introduced in evidence.

As to the first alleged error, we think the answer of the defendant, in which it by way of affirmative defense asserted the issuance of a policy by it, was a sufficient admission of its corporate capacity.    The rule laid down by this court in the case of *Frost v. Ainslie Lumber Co.*, 3 Wash. 241 (28 Pac. Rep. 354), is decisive of this question, for, while it is true that in that case the complaint was not challenged by demurrer, while in this case it was, yet the demurrer being general was under the circumstances of this case waived by the answer, and this question must be decided as though it had never been interposed.

As to the second ground, the proof clearly showed that Leadbetter was the agent of the company for the purpose of receiving applications for insurance, and we think that this, and the other facts shown by the proofs, clearly established his authority to act for the company.

The paper to which the third allegation is pointed was clearly entitled to be put in evidence.    Under the allegations of its answer, defendant was attempting to show the delivery of the ten thousand dollar policy with the understanding that after the first year it should be reduced to one for five thousand dollars.    Hence it was competent for plaintiff to show that the company, through its proper channels, had made a demand upon him for the full amount of premium for the second year upon the ten thousand dollar policy.    The paper to which objection was made clearly tended to establish this fact.    We find no error in the record.

The judgment must be affirmed.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.