[No. 2467. Decided January 14, 1897.]

CHARLES R. OGLE, *Respondent*, v. R. A. JONES, *Appellant.*

ASSIGNMENT OF ERRORS — PLEADING — AMENDMENT — DUTY OF MASTER TO SERVANT — PROPER APPLIANCES — VICE-PRINCIPAL — EXCESSIVE DAMAGES.

Errors of the lower court will not be considered on appeal unless the appellant's brief clearly points them out as ground for reversal.

The action of the trial court in allowing plaintiff to amend his complaint and in denying defendant's motion for a continuance, are not grounds of reversal, when there is no showing of an abuse of the discretion lodged in the court in such matters.

It is the positive duty of a master toward his servant to provide reasonably safe machinery, tools and appliances with which to prosecute the work undertaken, and to keep them reasonably safe.

Where the performance of the master's duty to provide proper appliances is entrusted to another, the latter becomes a vice-principal, whose failure in that respect is the failure of the master.

A verdict for $6,500 for personal injuries is not excessive, where it appears that plaintiff was about thirty-five years of age and in full health and vigor at the time of the injury; that his thigh was broken and he was otherwise severely injured, permanently crippling him; and that his earning ability was measurably decreased.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Affirmed.

*Griffitts & Nuzum,* for appellant.

*Graves, Wolf & Graves,* for respondent.

The opinion of the court was delivered by

GORDON, J.—In July, 1894, the appellant was engaged in erecting and constructing a system of water works for the city of Spokane. The respondent was working for the appellant as a shoveler in a pit which was being sunk, the dirt being hauled by means of a cable from the pit to the surface of the ground in a car running up an inclined track. Respondent's duty was to remove from the track the dirt falling thereon while the car was being hauled out of the pit with its load. While so engaged, on the 28th of July aforesaid, the cable by which the loaded cars were hauled broke, permitting the car to fall back against and upon the respondent, breaking his thigh and otherwise severely injuring him. The present action was brought by him for the purpose of recovering damages for the injury so sustained. In his complaint he alleges that the cable was an old and weak one and unfit for use, which fact was well known to the appellant and to his foreman in charge of the work,

that its use for that purpose under the circumstances was negligent and careless, and that the respondent did not know the condition of the cable or of its unfitness for use, etc.

In addition to the general denial of negligence upon his part, the appellant in his answer alleges that the injury sustained by respondent was due to his own negligence and want of ordinary care, or to the negligence of fellow-servants of the respondent. There was a verdict for the respondent in the sum of $6,500. Appellant's motion for a new trial was denied and judgment entered upon the verdict, from which judgment this appeal is taken.

Upon the oral argument in this court, counsel for the appellant urged that the trial court erred in permitting the respondent to amend his complaint in the course of the trial, by showing the respondent's ability to earn wages at the time of receiving the injury in question, and thereafter in denying appellant's motion for a continuance. We have been unable to discover that the rulings of the court in these respects are complained of or referred to in the printed brief. Sec. 15 of the act of March 8, 1893, relating to appeals to the supreme court (Laws 1893, p. 127) requires that the brief "shall clearly point out each error that the appellant relies on for a reversal." In addition to this, we think that the rulings so complained of were in regard to matters within the discretion of the trial court, and it is not apparent that this discretion was abused.

The ruling of the court in denying appellants's motion for a non-suit is assigned as error, and we have examined the record for the purpose of determining whether there was any substantial evidence tending to show negligence upon the part of appellant. With-

21—16 WASH.

out entering upon a discussion or analysis of the evidence in this opinion, we are content to say that it was ample, also that it did not show such contributory negligence or want of ordinary care upon the part of the respondent as would have justified the court in withdrawing the case from the consideration of the jury, and the motion for non-suit was properly overruled.

It is next urged that the court erred in charging the jury upon the law relative to the " master's duty " and "negligence of fellow-servants." Respondent's injury was due to the breaking of the cable already referred to. Following the rule laid down in *McDonough v. Great Northern Ry. Co.*, 15 Wash 244 (46 Pac. 334), we think it was the positive duty of the appellant in this case to provide reasonably safe machinery, tools and appliances with which to prosecute the work undertaken, and thereafter to keep them reasonably safe. Where the performance of such duty is by a master entrusted to another, the latter becomes his vice-principal, whose failure is the failure of the master. The instructions complained of did not go beyond this and were correct. Whether the cable in question was a reasonably safe one for the use being made of it at the time of the injury was a question for the jury. If it was not reasonably safe, then appellant was negligent. We think the law applicable to the case was correctly and comprehensively stated to the jury, and *McDonough v. Great Northern Ry. Co.*, *supra*, is not only applicable but controlling here.

It is next contended that the damages awarded are excessive, but with this we cannot agree. The respondent, as shown by the evidence, was at the time of the injury about thirty-five years of age, and in full health and vigor. In addition to the severe pain and

suffering which he endured as a result of the injury, he is permanently crippled and his earning ability measurably decreased. We have discovered nothing in the record which induces a belief that the jury were actuated by prejudice or passion or which would warrant us in concluding that the compensation which they awarded the respondent is greater than the character of his injuries justified.

The other errors assigned are of minor importance, not in anywise affecting the merits of the case, or involving any substantial right of the appellant, and a careful examination of the record has convinced us that no reversible error was committed by the trial court, and that the judgment appealed from should be affirmed.

SCOTT, C. J., and DUNBAR, J., concur.