[No. 5276.   Decided April 29, 1905.]

JOHN MULLIN, *Respondent,* v. NORTHERN PACIFIC
RAILWAY COMPANY, *Appellant.*[1]

MASTER AND SERVANT—FELLOW SERVANTS—DIFFERENT DEPART-
MENTS.   A "fire knocker" employed in a cinder pit beneath an
engine to clean out the cinders, and a co-employee engaged in
moving another engine over the pit, are not fellow servants,
where their work was not in any manner connected.

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE—BUMPING EN-
GINE STANDING OVER CINDER PIT.   A railroad company, as an em-
ployer, owes the positive duty to a servant, employed in a
"cinder pit" beneath an engine, to furnish a reasonably safe
place in which to work, and to maintain the safety of the place;
and hence is liable for personal injuries sustained by reason of
the fact that the place was rendered unsafe by the act of another
employee in bumping two engines together over the pit, in the
performance of an independent service in no manner connected
with the work of the plaintiff.

Appeal from a judgment of the superior court for Pierce
county, Snell, J., entered March 26, 1904, upon the ver-
dict of a jury rendered in favor of plaintiff for personal
injuries sustained by a "fire knocker" through the bump-
ing together of engines over a cinder pit.   Affirmed.

*B. S. Grosscup* and *A. G. Avery,* for appellant.   To
constitute fellow service it is not necessary that the two men
be engaged in the same or even similar acts.   Beach, Con-
tributory Neg. (3rd ed.), § 324.   It is enough if both are
performing duties tending to accomplish the same general
purpose.   *New England R. Co. v. Conroy,* 175 U. S. 323,
20 Sup. Ct. 85; 12 Am. & Eng. Ency. Law (2d ed.),
931-933.   The test is the character of the act performed.
Dresser, Employers' Liability, p. 263; Buswell, Personal
Injuries, §§ 217, 218; *New England R. Co. v. Conroy,*

1Reported in 80 Pac. 814.

*supra.* At least, so long as one has no power of supervision and control. 1 Shearman & Red., Negligence, § 244; *McDonough v. Great Northern R. Co.,* 15 Wash. 244, 46 Pac. 334. Thompson, engaged in bringing engines to the pit to be cleaned, and the "fire knocker," were both doing acts necessary to accomplish the same general purpose— the cleaning of the engine and fitting it for service; and this made them fellow servants. *Sayward v. Carlson,* 1 Wash. 29, 23 Pac. 230; *Chicago etc. R. Co. v. Ross,* 112 U. S. 377, 5 Sup. Ct. 184; *Crispin v. Babbitt,* 81 N. Y. 516, 37 Am. Rep. 521; *Flike v. Boston etc. R. Co.,* 53 N. Y. 549, 13 Am. Rep. 545; Wood, Master & Servant, 438; *Morgan v. Carbon Hill Coal Co.,* 6 Wash. 577, 34 Pac. 152, 772; *Watts v. Hart,* 7 Wash. 178, 34 Pac. 423, 771; *Anderson v. Guineau,* 9 Wash. 304, 37 Pac. 449; *Hughes v. Oregon Imp. Co.,* 20 Wash. 294, 55 Pac. 119; *Wilson v. Northern Pac. R. Co.,* 31 Wash. 67, 71 Pac. 713. Where the master has provided a reasonably safe place, there can be no recovery against him if it is rendered unsafe by the negligence of a fellow servant. 12 Am. & Eng. Ency. Law (2d ed.), 958; 2 Bailey, Personal Injuries, pp. 907, 1011, 1012; *Wilson v. Northern Pac. R. Co., supra; Uren v. Golden Tunnel Min. Co.,* 24 Wash. 261, 64 Pac. 174. It was error to exclude evidence of customary methods in furnishing safe appliances for the work. *Crooker v. Pacific Lounge etc. Co.,* 34 Wash. 191, 75 Pac. 632; *Flynt Building & Const. Co. v. Brown,* 67 Fed. 68; *Doyle v. St. Paul etc. R. Co.,* 42 Minn. 79, 43 N. W. 787; *Kolsti v. Minneapolis etc. R. Co.,* 32 Minn. 133, 19 N. W. 655; *Martin v. California Cent. R. Co.,* 94 Cal. 326, 29 Pac. 645. The plaintiff assumed the risks. *Tuttle v. Detroit etc. R. Co.,* 122 U. S. 189, 7 Sup. Ct. 1166; Bailey, Master's Liability for Injuries to Servants, pp. 142-181.

*F. R. Baker,* for respondent. None are deemed to be fellow servants who have no opportunity to use precautions against each other's negligence. *Hammarberg v. St. Paul etc. Lum. Co.,* 19 Wash. 537, 53 Pac. 727. The work of plaintiff makes this case analagous to the car repairing cases. *Wild v. Oregon Short-Line etc. R. Co.,* 21 Ore. 159, 27 Pac. 954; 1 Labatt, Master & Servant, p. 493; *Baltimore etc. R. Co. v. Charvat,* 94 Md. 569, 51 Atl. 413; *O'Leary v. Erie R. Co.,* 169 N. Y. 289, 62 N. E. 346; *Smith v. Southern R. Co.,* 129 N. C. 374, 40 S. E. 86; *Lake Erie etc. R. Co. v. Gaughan,* 26 Ind. App. 1, 58 N. E. 1072; *Galveston etc. R. Co. v. Quay,* 27 Tex. Civ. App. 516, 66 S. W. 219; *Street's etc. Car Line v. Bonander,* 196 Ill. 15, 63 N. E. 688; *Bowes v. New York etc. R. Co.,* 181 Mass. 89, 62 N. E. 949; *Moreby v. Chicago etc. R. Co.,* 116 Iowa 84, 89 N. W. 105; *Pool v. Southern Pac. Co.,* 20 Utah 210, 58 Pac. 326; *Promer v. Milwaukee etc. R. Co.,* 90 Wis. 215, 63 N. W. 90; *Luebke v. Chicago etc. R. Co.,* 59 Wis. 127, 17 N. W. 970, 48 Am. Rep. 483; *International etc. R. Co. v. Hall* (Tex.), 15 S. W. 108; *Doing v. New York etc. R. Co.,* 151 N. Y. 579, 45 N. E. 1028.

DUNBAR, J.—Accepting appellant's statement, this action was brought to recover damages on account of injuries received by plaintiff, while in the employ of the defendant railway company. Plaintiff was employed as a fire knocker, at the round house of the company, and worked in what is known as the "cinder pit." The pit extended the full width under the railroad track, and upon this track engines were "spotted" over the pit, for the purpose of having fire boxes cleaned and cinders raked out. The plaintiff was cleaning the cinders out of one of the engines which

had been moved upon this track, and spotted over the pit. Two large engines could be put over the pit at once. Plaintiff, in the course of his duty, had some difficulty in making the damper stay up, and reached out with his right hand over the track, underneath the engine wheel, for a block of wood to prop it up. Just at this instant, George Thompson, in spotting another engine over the pit, bumped it into the engine on which plaintiff was working, moving it a few inches, and catching plaintiff's hand between the wheel and the track, and causing the injury which was complained of. The trial resulted in a verdict for the plaintiff. Judgment was entered in accordance with the verdict, and the appeal is taken from such judgment.

The principal contention embodied in most of the assignments of error is that the appellant is not responsible to the respondent in this action, for the reason that the injury was caused by the negligent act of a fellow servant. This contention cannot prevail under the decisions of this court generally, and especially under the rule announced in *Hammarberg v. St. Paul etc. Lum. Co.*, 19 Wash. 537, 53 Pac. 727, where it was held that a millwright employed to make repairs and alterations about a mill, and a sawyer engaged in operating a saw therein, are not fellow servants; and where the millwright, while employed in making alterations in a mill, above where the sawyer was at work, left a heavy chisel on a machine where it was jarred by the vibration of the machinery, causing it to fall and injure the sawyer, the latter could recover from the common employer for the injuries sustained.

Appellant cites the leading case of *New England R. Co. v. Conroy*, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181, where that court enters into a lengthy review of the doctrine of fellow servants, and overrules the case of *Chicago*

*etc. R. Co. v. Ross,* 112 U. S. 377, 5 Sup. Ct. 184, 28 L. Ed. 787. This court has previously avowed its determination to abide by the principles announced in the decision of the *Ross* case, and has refused to follow the doctrines announced in the later case just above cited.

But in the *Conroy* case it is said:

"There are, however, some duties which a master owes as such to a servant entering his employment. He owes the duty to provide such servant with a reasonably safe place to work in, having reference to the character of the employment in which the servant is engaged."

And this is another principle upon which this judgment must be sustained. It was the positive duty of the master to furnish the respondent with a safe place in which to work. There is no question of superior servant, which is discussed so elaborately and so thoroughly by counsel for appellant. Neither is there any question of a foreman in charge or control, which has been the subject of so much discussion by the courts and textwriters, and which was the question discussed in the instructions in *McDonough v. Great Northern R. Co.,* 15 Wash. 244, 46 Pac. 334, cited by the appellant; for here there is no contention that the respondent was working under the instruction or direction of Thompson, or any one else; he was doing his work by himself, and the manner of doing the work is not in any way brought in question. Nor is there involved in this case any question of the carelessness of a fellow servant, as there would have been if Thompson, while assisting the respondent in the work in which he was engaged, had negligently hurt him. Nor does it seem to us that the doctrine of fellow servant is involved at all. It was the duty of the appellant to furnish the respondent with a reasonably safe place in which to rake the cinders from the

engine, and to maintain the safety of that place. It is conceded that it was rendered unsafe by the action of one who was not in any manner connected with the work which respondent was doing, but who was sent there by the company to perform an independent service, and who, in the exercise of that delegated authority, changed the place where respondent was working from a safe to an unsafe one. Even in *McDonough v. Great Northern R. Co., supra,* this court said:

"We think that in reason and upon the authority of the better considered cases, it must be held that it is a positive duty which the master owes to an employee not only to provide him with a reasonably safe place in which to work—so far as the nature of the work undertaken and the exigencies of the case will permit the same to be made reasonably safe—but also to observe such care as will not expose the employee to perils and dangers which may be guarded against by reasonable care and diligence; and where the performance of this positive duty is by the master entrusted to another, his failure to perform is the failure of the master."

The positive duty to maintain the safe place, in this instance, must have been intrusted to some one, or else there would have been negligence on the part of the master, and having been intrusted to another, the failure of that other to perform, as was said in the quotation just above, was the failure of the master, and the responsibility could not be avoided. An examination of the record satisfies us that no error was committed in the admission or rejection of testimony, or in the giving or refusing instructions.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.