[No. 8162.    Department One.    December 9, 1909.]

## DANIEL HALE, *by His Guardian Ad Litem, F. P. Wagner, Respondent,* v. CROWN COLUMBIA PULP AND PAPER COMPANY, *Appellant.*[1]

EVIDENCE—JUDICIAL NOTICE—ORDER APPOINTING GUARDIAN AD LITEM. In an action by a minor, by his guardian *ad litem,* the court will take judicial notice of its order appointing the guardian *ad litem,* for the purpose of the action, entered upon a petition referring to the complaint on the same day the complaint was filed.

PARTIES—INFANTS—CAPACITY TO SUE—WAIVER OF OBJECTION. Objection to the capacity of a minor to sue, appearing° on the face of the complaint, is waived by failing to demur on that ground.

CORPORATIONS—EVIDENCE OF INCORPORATION—WAIVER BY PLEADING. A defendant corporation waives proof of its corporate existence by appearing generally and going to trial on the merits.

MASTER AND SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The question of the master's negligence and of the servant's contributory negligence is for the jury, where the accident was due to a defective brake, and he was struck by a wire cable while working at the place and in the manner directed, without warning of the danger.

SAME—CONTRIBUTORY NEGLIGENCE—METHODS OF WORK—TWO WAYS—INSTRUCTIONS. It is not error to refuse to give an instruction upon the subject of contributory negligence in adopting an unsafe method of doing the work, where there was no evidence that there was a choice of ways.

SAME—DETAILS OF WORK. It is not error to refuse an instruction that the master was not liable for the details of the work where there was no basis for it in the evidence.

NEGLIGENCE—INSTRUCTIONS—BURDEN OF PROOF. The burden of proof is sufficiently defined by an instruction that the happening of an accident did not show negligence, but the burden was upon the plaintiff to show it by a preponderance of the evidence, and he could not recover if the evidence was evenly balanced.

MASTER AND SERVANT—FELLOW SERVANTS—DEPARTMENTS. A brakeman on a tram car is not in the same department with, and is not a fellow servant of, a trackman engaged in putting plates on the steel of the tram rails.

[1]Reported in 105 Pac. 480.

SAME.  Persons engaged in a common employment and so situated as to have opportunities to use precautions against each other's negligence are fellow servants.

MASTER AND SERVANT—APPLIANCES—INSTRUCTIONS.  An instruction that the master is bound to keep the machinery in good or "sound" repair is not erroneous.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered October 23, 1908, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by an employee in a mill.  Affirmed.

*Wilbur & Spencer* and *A. L. Miller*, for appellant.

*E. M. Green* and *R. C. Sugg*, for respondent.

Gose, J.—This action was instituted by the respondent, the plaintiff below, to recover compensation for personal injuries sustained on January 17, 1908.  From a verdict and judgment in his favor this appeal is prosecuted.

The case is entitled, "Daniel Hale, by his guardian ad litem, F. P. Wagner."  The complaint states that the plaintiff is a minor of the age of twenty years, but it does not allege the appointment of a guardian ad litem, and there was no evidence introduced on that subject.  The evidence does show, however, that the respondent was a minor of the age of twenty years at the time of the trial.  It is contended that the failure of the respondent to allege and prove the appointment of a guardian ad litem precludes a recovery.  The record shows, that the complaint was filed on March 21, 1908; that on the same day and under the same title the respondent filed a petition, referring to his complaint, suggesting his infancy, and asking that a guardian ad litem be appointed for the purpose of this action, and that on the same day an order was entered of record appointing F. P. Wagner as his guardian ad litem for that purpose.  If the action be treated as prosecuted by the guardian, the objection is not tenable.  Courts will take judicial notice of their records with reference to the prior proceedings in the case

at bar.  17 Am. & Eng. Ency. Law (2d ed.), § 925.  If it
be treated as one prosecuted by the minor personally, the
appellant waived the question of capacity by pleading to the
merits.  Want of capacity to sue, when it appears on the
face of the complaint, must be taken by a demurrer.  Bal.
Code, §§ 4907, 4909, 4911; *Blumauer v. Clock*, 24 Wash.
596, 64 Pac. 844, 85 Am. St. 966; *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031.

The complaint also alleges that the appellant is a corporation, but no evidence was offered in support of the allegation.  An objection was raised upon this ground after verdict, and is renewed here.  The rule is settled in this state
that a defendant corporation cannot appear generally in
an action, plead to the merits, and afterwards complain that
there was no affirmative proof of its corporate existence.
*Garneau v. Port Blakely Mill Co.*, 8 Wash. 467, 36 Pac.
463; *Sengfelder v. Mutual Life Ins. Co.*, 5 Wash. 121, 31
Pac. 428; *Frost v. Ainslie Lumber Co.*, 3 Wash. 241, 28
Pac. 354, 915.

The negligence charged in the complaint is that the respondent's injury was caused by the appellant operating one
of its cars with defective brakes.  The answer contains a
general denial of the allegations of the complaint, and pleads
affirmatively, that the respondent was guilty of contributory
negligence; that he assumed the risk incident to his employment, and that the injury was caused by the negligence of
a fellow servant.

At the time of the happening of the accident, the respondent was working on an elevated tramway, putting fish plates
on the steel rails over and upon which the appellant was
operating cars in carrying its products from the finishing
room in the mill to the dock.  The tramway is several hundred feet in length, has a height of about twenty feet at the
mill, from which point it descends toward the dock upon a
grade of four or four and one-half per cent, for the first
three hundred feet from the mill, at which point it curves to

the left for a short distance, from whence it proceeds to the dock on a comparative level in a straight line. The cars were operated in this manner: In the finishing room, a few feet from the head of the tramway, there was a donkey engine which supplied the power to operate a revolving drum and wire cable. There was a ring in the cable which could be attached to a hook on the rear of the car. Whether the car was controlled on the grade in going to the dock with the engine and cable in connection with the brakes on the car, or by the latter only, was a disputed question at the trial. It is admitted, however, that the cable was attached to the car at the mill, and carried about three hundred feet, at which point the cable was slackened and detached and the car controlled from that point to the dock by means of brakes. The cable was left at the point of detachment and the returning car was carried from that point to the mill by the power supplied by the engine.

The evidence tends to show that, at the time of the accident and for two months preceding, the brakes were defective and the iron shoe badly worn; that the injury was caused by the defective brakes in this, that near the foot of the grade the cable was slackened, the brakes set, and a block of wood placed under the car wheels preparatory to detaching the cable; that the car suddenly started and, when it reached the curve, the cable tightened, describing a straight line and striking the respondent, who was working a few feet from the mill on the left rail looking from the mill, throwing him to the ground a distance of fifteen or twenty feet. He struck with such violence that he remained unconscious for about five hours, sustaining the injuries complained of. The evidence further shows that the respondent had been warned to "look out for the cars"; that the track was about eight feet in width, the cars about seven feet in width, leaving a space of about six inches on either side of the car, and that there were no guard rails. Whether there were projections from the tramway at intervals of a few feet where the respondent

could go to avoid the moving cars was a disputed question. The respondent asserted that there were such projections, and the appellant denied it. The respondent was working at the place where he was directed to work, and his only warning was to protect himself against danger from the moving cars, which the testimony tends to show he did by stepping aside when the car approached. Numerous errors are assigned, but as we view the case it falls within a reasonably narrow compass, and it will not be necessary to consider each assignment separately.

There was no error in denying the motion for a nonsuit and directed verdict, nor was there any merit in the motion for a judgment *non obstante*. As we have seen, the respondent was working at the place and in the manner he was directed to work. So far as the evidence discloses, the brakeman was the only witness who saw the respondent at the time he was struck, and he testified that he was struck by the wire cable.

The appellant requested the court to instruct that where there were two ways of doing the work, or two places to stand while working, the one safe and the other dangerous, and the servant voluntarily chose the latter, he was guilty of contributory negligence and could not recover. The refusal to give this instruction is assigned as error. The court did instruct, however, that if the respondent's negligence contributed to his injury, he could not recover, and that if the master had directed or warned him how to work and he had disobeyed the directions, there could be no recovery. In this case there was no choice of ways shown by the evidence. There was but one place to work and but one place to stand while working. Respondent stood and worked where the master directed.

Complaint is also made because the court refused to instruct that the master is not responsible for an injury resulting from the negligent execution of the details of the work. This instruction had no basis in the evidence. The respond-

ent's witnesses testified that the accident happened because the brakes would not hold the car, and the appellant's witnesses did not see the accident.

It is contended that the court did not sufficiently define burden of proof. The court instructed that the happening of an accident did not show negligence, but that the burden was on the respondent to prove negligence by a preponderance of the evidence; that if he failed to do so or if the scale was evenly balanced, the verdict should be for the appellant. This sufficiently defines burden of proof.

Error is also assigned in the refusal to instruct, "that the men working on the car at the time of the accident were fellow servants of the plaintiff, and if the accident was caused by their negligence the plaintiff cannot recover." The respondent and the brakeman were working for a common master, but were not engaged in a common employment. The respondent was engaged in an independent employment, and the brakeman was not his fellow servant. *Mullin v. Northern Pac. R. Co.*, 38 Wash. 550, 80 Pac. 814; *Shannon v. Consolidated Tiger & Poorman Min. Co.*, 24 Wash. 119, 64 Pac. 169; *Hammarberg v. St. Paul & Tacoma Lumber Co.*, 19 Wash. 537, 53 Pac. 727. Moreover the court instructed that, if the respondent and the brakeman were engaged in a common employment and were so situated as to have opportunity to use precautions against each other's negligence, they were fellow servants, and if the accident happened through the negligence of a fellow servant, the verdict should be for the appellant. This stated the correct rule for determining who are fellow servants. *Berg v. Seattle, Renton & Southern R. Co.*, 44 Wash. 14, 87 Pac. 34, 120 Am. St. 968; *Shannon v. Consolidated Tiger & Poorman Min. Co.*, *supra*.

Error is assigned in the giving of the following instruction:

"It is the duty of the master to exercise ordinary care and prudence to keep the machinery and appliances in sound re-

pair so that harm does not result to the servant for injuries which may happen to them in the use of said machinery and appliances."

It is urged that the use of the word "sound" makes the instruction erroneous. The law imposes the positive duty of the master to use reasonable care and prudence to keep the machinery in good or sound repair. Qualified as the word is in the instruction, it correctly states the rule. *Gustafson v. Seattle Traction Co.*, 28 Wash. 227, 68 Pac. 721; *Ogle v. Jones,* 16 Wash. 319, 47 Pac. 747; *McDonough v. Great Northern R. Co.*, 15 Wash. 244, 46 Pac. 334. The court had theretofore instructed that the law imposes on the master only the duty to use reasonable and ordinary care in the matter of machinery and appliances, and that where he has done so he cannot be held liable for the consequences of a defect therein.

The question of the negligence of a fellow servant was not charged in the complaint, nor did the respondent seek to show any ground of liability except that of defective brakes on the car. The court, after instructing at length as we have indicated, said to the jury:

"There is only one point of negligence charged in the case; that is, improper brakes. The plaintiff cannot recover except by proving negligence on his charge. If you should decide that the brakes were in a reasonably good condition at the time of the injury, I instruct you that you must return a verdict for the defendant."

The issues as thus limited were, (1) were the brakes defective; (2) could the appellant in the exercise of reasonable care have ascertained the defect, and (3) were the defective brakes the proximate cause of the injury. Upon those questions the jury was correctly instructed.

The judgment will be affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and MORRIS, JJ., concur.