[No. 8441. Department One. March 25, 1910.]

## LUIGI ONGARO, *Appellant,* v. JOHN TWOHY *et al., Respondents.*[1]

MASTER AND SERVANT—FELLOW SERVANTS—POWDERMAN AND LA-BORER—RULE IN ANOTHER STATE—RECOVERY. Under the decisions of the supreme court of Idaho, and the laws of that state, a foreman and powderman engaged in blasting and drilling operations at the top of a cut in railroad construction work in that state, are fellow servants of a common laborer engaged in shoveling rock and earth in the cut below; and no recovery can be had against the master in this state for negligence of the fellow servants.

TRIAL—QUESTIONS OF LAW OR FACT—LAW OF OTHER STATE. It is a question of law for the court, and not one of fact for the jury, where the only evidence as to the law of another state was the opinion of an attorney of that state as to the proper legal inference to be drawn from certain decisions of the supreme court of such state.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered April 19, 1909, upon the verdict of a jury rendered in favor of the defendants by direction of the court, dismissing an action for personal injuries sustained by a common laborer through the negligence of a foreman and powderman in firing a blast. Affirmed.

*Maurice Smith, Gallagher & Thayer* and *Gallagher, Smith & Mack,* for appellant, contended that the fellow servant rule depends upon the "character of the act" performed, and this is the New York rule, as distinguished from the Ohio rule, in both Idaho and Washington, as shown by the following cases: *Snyder v. Viola Mining & Smelting Co.,* 3 Idaho 28, 26 Pac. 127; *Zienke v. Northern Pac. R. Co.,* 8 Idaho 54, 66 Pac. 828; *Larsen v. La Doux,* 11 Idaho 49, 81 Pac. 600; *Metzler v. McKenzie,* 34 Wash. 470, 76 Pac. 114; *Sayward v. Carlson,* 1 Wash. 29, 23 Pac. 830; *Mast v. Kern,* 34 Ore.

[1]Reported in 107 Pac. 834.

247, 54 Pac. 950, 75 Am. St. 580; *Crispin v. Babbitt*, 81 N. Y. 516, 37 Am. Rep. 521.

*Edward J. Cannon* and *Arthur B. Lee*, for respondents.

PER CURIAM.—This case was before this court on a former appeal and is reported in 49 Wash. 93, 94 Pac. 916, where a statement of the facts giving rise to the controversy will be found. After the cause had been remanded on the former appeal, the defendant asked and obtained leave to amend his answer, and, pursuant thereto, set up as an additional defense that the tort on which the action was founded was committed in the state of Idaho, and that the rights of the parties are governed by the laws of that state; setting up further that, by the laws of the state of Idaho, the foreman, Roman, who this court held in its former opinion was a vice principal and not a fellow servant of the plaintiff Ongaro, was a fellow servant of the plaintiff, and that the defendant was not liable for his negligent acts. Issue was taken on these allegations and a trial entered upon, at which the respondent offered evidence to substantiate the allegations. No evidence was offered on the other side by the appellant, he relying upon the testimony offered by the respondent. At the conclusion of the case, the court sustained a challenge to sufficiency of the evidence and entered a judgment of dismissal, holding that, under the laws of Idaho, the foreman and the appellant were fellow servants, and that the respondent was not liable for the foreman's negligence.

To prove his case the respondent produced an attorney of the state of Idaho who gave it as his opinion that, under the facts shown in the record, no recovery could be had in the courts of that state, citing cases from the supreme court as sustaining his opinion. The appellant in this court takes issue with the witness in his construction of these cases and argues that they do not sustain his opinion, but, on the contrary, do not lay down a rule different from that applied in this state. But we think the cases cited justify the opinion

of the witness. While they are not similar in their facts to the case at bar, they make clear the general principles involved, and show that the rule as to fellow servants as applied in that state differs widely from the rule as we have applied it here. It makes it clear, for example, that the Idaho courts follow the rule as presently announced by the supreme court of the United States, as evidenced by the cases of *Baltimore & O. R. Co. v. Baugh,* 149 U. S. 368; *Alaska Min. Co. v. Whelan,* 168 U. S. 86, and *New England R. Co. v. Conroy,* 175 U. S. 323, 20 Sup. Ct. 85, while this court has expressly refused to follow the rule of these cases on the doctrine of fellow servant, preferring the rule earlier announced by that court, as evidenced by the case of *Chicago M. & St. P. R. Co. v. Ross,* 112 U. S. 377, and the cases therein cited. *Mullin v. Northern Pac. R. Co.,* 38 Wash. 550, 80 Pac. 814. These rules are so radically different that the supreme court of the United States felt compelled to overrule its earlier cases in order to make the change.

The appellant further argues that the court erred in determining for itself, from the proofs offered in evidence, what the law of Idaho was at the time the injury in question occurred, but contending that the question should have been submitted to the jury. The authorities seem not to be in harmony on this question, but we are clear that in any view there was no error committed here. There was no disputed questions of fact to be determined; on the contrary, there was no dispute in the evidence at all. The sole question was what were the proper legal inferences to be drawn from the facts proven, and this clearly was for this court.

The judgment is affirmed.