[No. 13117.   Department One.   December 8, 1916.]

MICHAEL BOGITCH, *Respondent*, v. POTLATCH LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—WHAT LAW GOVERNS. Where an accident occurred in Idaho, the rule of the supreme court of that state that the failure of a hook tender in charge of a logging crew to give warning of the "go ahead" signal, was the act of a fellow servant and not a vice principal, for which the master would not be liable if he had employed competent fellow servants, is binding upon the courts of this state, when pleaded.

STIPULATIONS—EVIDENCE—FOREIGN LAWS. In an action for personal injuries from an accident in another state, a stipulation that both sides should waive "any testimony and agreeing that the court may consider" the laws of such state in evidence, makes the statutes and decisions of that state evidence, and does not make conclusive an erroneous legal conclusion of the trial court, which is subject, upon proper exceptions, to correction on appeal.

TRIAL—EVIDENCE—FOREIGN LAWS—PROVINCE OF COURT AND JURY. When a rule of law in a sister state merely involves the interpretation of judicial opinions, it becomes a question of law for the court and not of fact for the jury.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 19, 1915, upon the

¹Reported in 161 Pac. 487.

verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by one employed as a swamper in a logging crew. Reversed.

*Cannon & Ferris,* for appellant.

*Corkery & Corkery* and *Robertson & Miller,* for respondent.

Chadwick, J.—This is an action to recover for injuries which respondent alleges he sustained while in the employ of the Potlatch Lumber Company, in the state of Idaho, in November, 1914. Appellant, at that time, was cutting and hauling timber to a point of loading, by means of a donkey engine and cable. The evidence is somewhat conflicting, but the methods of operation would seem to have been about as follows: The sawyer gang would fell the tree; swampers would trim the branches; the slinger rigger would attach the cable to the tree; the hooktender, who was in charge of all the operations, would call out a warning to the swampers and all the others, and then signal a man called the whistlepunk who was stationed some three hundred feet away; the whistlepunk would pull a wire which extended to the donkey engine, and which would signal the engineer to go ahead or stop, etc. The donkey engine was located about a thousand feet from where the timber was being secured. Respondent alleges that he was working as a swamper, and was trimming a tree when, without warning, the tree was put in motion by means of the cable; that he was thrown under the tree and sustained injury. Respondent recovered in the court below.

A number of assignments of error going to the sufficiency of the evidence and to the instructions of the court have been made by appellant. The proximate cause of the injury, as found by the jury, was the failure of the hooktender to warn respondent that he was about to give the "go ahead" signal to the whistlepunk. Appellant pleaded:

"That if plaintiff was in any manner injured at the time and place set forth in plaintiff's complaint, the said injuries occurred in the state of Idaho, and that under the common

law of the state of Idaho, as construed by the courts of said state, plaintiff's injury, if caused by and through the negligence of anyone other than himself, was caused and brought about by and through fellow servants of the plaintiff, and that under the common law of the state of Idaho, as construed by its courts, the defendant is in no way responsible for the negligence, if any, of said fellow servants, and that the negligence of said fellow servants of the plaintiff is, under the decisions of the courts of the state of Idaho, construing the common law, one of the risks which the plaintiff assumes, and which plaintiff did assume as a matter of law."

The accident occurred in the state of Idaho, and the law of that state being pleaded, is, when ascertained, controlling. At the time the case was tried, the case of *Lucey v. Stack-Gibbs Lumber Co.*, 23 Idaho 628, 131 Pac. 897, 46 L. R. A. (N. S.) 86, was the last expression of the supreme court of that state. That case seemed to hold to the rule that pertains in this state; that is, that the duty of the master who is engaged in hazardous work, where the safety of the workmen depends upon a system or code of warning signals to warn the workmen, is a nondelegable duty, and that the foreman or the one upon whom the duty of giving the signal or warning is put is a vice principal and not a fellow servant. This rule is peculiar to the state of Washington. The great majority of the states, if not all of them, as well as the supreme court of the United States, has held in such cases that the master has performed his full duty when he has adopted a sufficient system or code of signals, and put it into the hands of competent men for execution. 4 Labatt, Master & Servant (2d ed.), § 1537.

We find that the supreme court of the state of Idaho has recently rejected the doctrine of the case mentioned, and has put itself in line with the great weight of American authority, although, as we have said, it is contrary to the rule that pertains in this state. That court held in *Wiesner v. Bonners Ferry Lumber Co.* (Idaho), 160 Pac. 647, that that part of the opinion in the *Lucey* case upon which respondent relied,

and which no doubt moved the court below to sustain the judgment that was entered, was *obiter*.

"And so far as it may be considered as supporting the doctrine that 'authority to a servant to give a signal [to a coservant] is nondelegable,' it is expressly overruled.

"The theory of respondent is that, by reason of the fact that the warning was not given upon the occasion of the accident, the appellant is liable in damages, irrespective of the fact that it exercised ordinary care, having regard to the hazard of the service, in providing a reasonably safe place and reasonably safe appliance for the performance of the work, in the selection of a competent servant to perform the duty of giving the warning, and had adopted a proper system of rules and regulations with positive instructions that every precaution be taken in order to avoid accident; in short, if the servant failed to give the warning, the appellant company under no circumstances could escape liability.

"This, we think, is carrying the rule a step too far. The enforcement of such a principle, in view of the rapid development of this state and the great number of men employed, would be detrimental to the employe as well as the employer. There must be some reasonable limitation placed upon both the employer and the employe, in the matter of fixing the liability of the former for negligence and the assumption of risk by the latter."

The court then proceeds to cite and elaborate upon many decisions, concluding as follows:

"By the great weight of authority, the master may entrust to a competent servant the work of giving signals where it is necessary for the safety of the workmen in the operation of the work, and it is not the master's fault if such competent servant fails to give the proper signal. Nor is respondent's contention that the master is an insurer of the sufficiency of the means which he selects for giving signals supported by the preponderance of authority."

Counsel for respondent contend that we cannot consider the more recent decision of the Idaho court because the law of Idaho was a fact to be proven, and counsel has waived his right to assert that the law is otherwise than as declared by the trial judge, having stipulated that the court might make

up his own instruction as to the law of Idaho without formal proof. We have reread that part of the record which is relied on by counsel as a stipulation. We think counsel went no further than to stipulate that the court could instruct as it conceived the law to be under the decisions of the supreme court of Idaho, counsel contending meanwhile that the fellow servant rule in Idaho was not the same as in this state.

The agreement was that both sides should waive "any testimony, and agreeing that the court may consider the laws of Idaho in evidence." The laws of Idaho, that is, the statutes and decisions, are to be proven as facts. The legal conclusion or the construction of the written or declared law becomes the law of the case. It follows, then, if the law of a foreign state is to be ascertained by a reference to its statutes, and the practice and adjudged cases, the decisions of its courts are no more than evidence of the law. If a trial judge draws a wrong legal conclusion from the written evidences of the law, this court may, upon proper exceptions, correct the error, as it would any other error of law. In doing so, it is in duty bound to follow the courts of the foreign state.

There is nothing to indicate that counsel stipulated to be bound by the conclusion of the trial judge as expressed in his instructions. On the contrary, counsel excepted to all of the instructions, charging the hooktender as a vice principal, arguing then, as we must presume, and in their brief on appeal, that the hooktender was a fellow servant under the authority of *Knauf v. Dover Lumber Co.*, 20 Idaho 773, 120 Pac. 157.

The courts of Idaho have an undoubted right to construe their own decisions, and having said in the *Wiesner* case that the *Lucey* case did not hold to the rule relied on, or if seemingly so, that it was *obiter*, we have no recourse other than to follow the rule as it is, and as the supreme court of Idaho says it was, at the time this case was tried.

Counsel maintain that this case is to be distinguished upon the facts. We find no ground of distinction. The place where

respondent was working was not unsafe if the warning had been given. Under the law of Idaho, the fault or omission was that of a fellow servant.

There being no issue raised as to the sufficiency of the signal system, or the competency of the hooktender to give the signals or the ability of the respondent to understand a warning if given, and this case being controlled by the law of the state of Idaho as expounded by its court of last resort, the judgment will be reversed and the case remanded with instructions to dismiss.

In justice to the trial judge, it is only fair to say that, if this case were to be decided under our own decisions, or under the law of Idaho as we would have read the *Lucey* case, we would hold the case for affirmance upon this question of law. We have not inquired into the other assignments of error.

MORRIS, C. J., ELLIS, and MOUNT, JJ., concur.

PER CURIAM.—This case was heard at the January, 1916, term. As stated in the opinion, the trial judge rested his opinion as to the law of Idaho upon the case of *Lucey v. Stack-Gibbs Lumber Co.*, 23 Idaho 628, 131 Pac. 897, 46 L. R. A. (N. S.) 86. We noted a later decision of the supreme court of Idaho, *Wiesner v. Bonners Ferry Lumber Co.*, since reported in 160 Pac. 647, in which it was held, in the opinion of the judges of the supreme court of Idaho, that such construction was not well founded, and that in so far ;as the *Lucey* case might be considered as supporting the doctrine that authority to a servant to give.a signal is non-delegable, it was expressly overruled. Subsequent to the writing of the foregoing opinion and about the time it would otherwise have been filed, counsel for respondent called our attention to the fact that a rehearing had been granted in the *Wiesner* case. Accordingly we withheld the filing of our opinion pending a ruling upon the petition for rehearing. The supreme court of Idaho, upon such rehearing, has adhered to its original holding.

Counsel for respondent has filed a supplemental brief again urging that respondent had pleaded the law of Idaho as a fact, and that, by stipulation, the trial judge had given it to the jury as a matter of fact and not of law, and that the ruling of the trial judge thus became a fact conclusive even though he did err, or even though the supreme court of Idaho did subsequently change its decision. Counsel cite the case of *Spies v. National City Bank*, 174 N. Y. 222, 66 N. E. 736, 61 L. R. A. 193, and *Genet v. President etc. of Delaware & H. Canal Co.*, 163 N. Y. 173, 57 N. E. 297. But these cases merely hold, quoting from the *Spies* case: "What may be the foreign law upon a given subject presents a question of fact, not a question of law . . . and must be both proved and found like any other question of fact." While there is some conflict as to this being the true rule, for the purpose of this case it may be admitted to have the sanction of the greater number of courts; but there is a well recognized exception, upon which practically all courts that have considered it, seem to agree. This exception is well stated in 10 R. C. L., pp. 1112-1113, as follows:

"There is some controversy whether the proof of foreign laws should be addressed to the court or the jury. It involves, however, no serious conflict, and depends entirely upon the form in which the foreign law is presented. Although what the foreign law is, is usually denominated a question of fact, yet, when it merely involves the construction of a written statute or the interpretation of judicial opinions, it becomes a question of law."

*Bank of China, Japan & The Straits v. Morse*, 168 N. Y. 458, 61 N. E. 774, 85 Am. St. 676, 56 L. R. A. 139 and *Hancock Nat. Bank v. Ellis*, 172 Mass. 39, 51 N. E. 207, 70 Am. St. 232, 42 L. R. A. 396, also recognize this exception. See, also, *Ely v. James*, 123 Mass. 36; *Kline v. Baker*, 99 Mass. 253; *Thomson-Houston Elec. Co. v. Palmer*, 52 Minn. 174, 53 N. W. 1137, 38 Am. St. 536, and *Lockwood v. Crawford*, 18 Conn. 360. In *Hite v. Keene*, 149 Wis. 207,

134 N. W. 383, 135 N. W. 354, Ann. Cas. 1913D 251, it was held that, on appeal, the court will not accept the testimony of what the law of a sister state is where it is contrary to its own conclusions from statutes in evidence and reported cases.

But regardless of what may be the rule in other jurisdictions, this court, in *Ongaro v. Twohy*, 57 Wash. 668, 107 Pac. 834, has held that where the law of a sister state is involved and is based upon the decisions of that state, the question of what the law is, is for the court, and not the jury. It was there said:

"The appellant further argues that the court erred in determining for itself, from the proofs offered in evidence, what the law of Idaho was at the time the injury in question occurred, but contending that the question should have been submitted to the jury. The authorities seem not to be in harmony on this question, but we are clear that in any view there was no error committed here. There was no disputed questions of fact to be determined; on the contrary, there was no dispute in the evidence at all. The sole question was what were the proper legal inferences to be drawn from the facts proven, and this clearly was for the court."

This court having held that what the law of a sister state is is a question of law when proven by undisputed facts, surely, then, what the foreign law is is also a question of law when proven by a decision of the foreign state court. It being a question of law, it is, therefore, for this court to say whether the lower court erred in construing the decision of the Idaho supreme court.