[No. 33217.    Department One.    August 11, 1955.]

HOMER L. BAILEY, *Appellant*, v. ALLEN G. CARVER, *Respondent*.[1]

[1]Reported in 286 P. (2d) 680.

*Foster & Foster*, for appellant.

*Pebbles & Swanson*, for respondent.

DONWORTH, J.—This appeal predicates error upon the trial court's giving of certain allegedly inconsistent instructions in an action for damages arising from the collision of two automobiles at an arterial highway intersection.

A brief resume of the facts in this case will suffice for an understanding of the disposition we make of this appeal.

Shortly after midnight on November 22, 1953, plaintiff was driving his automobile in a southerly direction on Boulevard road in Thurston county. In his car were his wife and her sister and two other guests. At the site of the collision, Boulevard road is a straight, level, hard-surfaced arterial highway, with two ten-foot traffic lanes, separated by a painted line, and is intersected from the west by an unimproved access road from Ward lake forming a "T" intersection. The pavement was wet from a recent rain, but visibility was not impaired by weather conditions. Each driver was familiar with the locale and knew that Boulevard road was an arterial highway. Defendant, driving alone, approached this intersection in an easterly direction on the access road, intending to make a left turn and drive his car north on Boulevard road.

Defendant testified that he stopped a short distance west of the intersection where he could see well to the south on

Boulevard road, but "I wasn't far enough ahead to see to the north only a very short distance" because of a high bank. He started to drive his car forward into the intersection and then became aware of the approach of a vehicle from the north. He stated to a state patrol officer, just after the accident, that this vehicle was then fifty feet away; at the trial he testified that the distance was between 150 and 200 feet. Reasoning that he could not clear the southbound traffic lane ahead of the appoaching car, defendant stopped his vehicle in such a position that his car blocked the west half of the southbound traffic lane of the arterial highway. When he saw plaintiff's car skid as the brakes were applied, he thought that any attempt on his part toward avoiding the impact would be futile, so he lay down on the front seat of his car to await the inevitable collision.

As a result of the collision, plaintiff sustained serious personal injuries and his car was extensively damaged. Defendant's car was damaged so that it was a total loss, but he sustained no personal injuries. Plaintiff instituted this action to recover damages for the personal injuries and property damage sustained, alleging in the complaint that defendant's negligence in failing to yield the right of way to users of the arterial highway was the proximate cause of the accident. Defendant answered, denying the allegations of negligence, and cross-complained, seeking recovery for the destruction of his car. Recovery on the cross-complaint was based on the theory that the sole cause of the accident was the alleged "recklessness and carelessness" with which plaintiff operated his vehicle at the time of the collision.

The jury returned a verdict for the defendant on the complaint and for the plaintiff on the cross-complaint, apparently finding that each driver was guilty of negligence which caused the collision. Plaintiff's motion for a new trial was denied, and judgment was entered dismissing both the complaint and cross-complaint with prejudice, but allowing costs to defendant. Plaintiff appeals from that part of the judgment dismissing his complaint and allowing costs. Defendant has not cross-appealed from the judgment en-

tered, and, therefore, dismissal of the cross-complaint is final.

Appellant, in his assignments of error, complains of the giving of four instructions, the denial of his motion for new trial, and the awarding of costs to respondent.

We shall first consider appellant's assignments of error Nos. 1 and 2, which relate to the giving of instructions Nos. 12 and 13, to which appellant excepted.

Instructions Nos. 8, 9, and 11 given by the court (to which no exceptions were taken) read as follows:

"8. You are instructed that it is the duty of the driver of a vehicle entering an arterial highway from a side road to stop before entering the highway and, having stopped, it is his duty to give precedence to vehicles upon the arterial highway whether approaching from the right or left and not attempt to cross or proceed upon the highway unless there is a reasonable margin of safety.

"9. You are instructed that a driver entering an arterial highway without stopping is negligent as a matter of law.

"11. You are instructed, as a matter of law, that one driving at night, outside cities and towns, in the absence of a red light to warn him to the contrary, can assume that the traveled portion of the road ahead of him is unobstructed and safe for travel. You are further instructed that the excessive speed of travel of such car, if any, does not in any way destroy such assumption nor does it eliminate the requirement of warning of the presence of an obstruction in such traveled portion of the road."

These instructions were followed by Nos. 12 and 13, which read:

"12. You are instructed that defendant has alleged that plaintiff was negligent in that he was operating his vehicle in excess of a reasonable speed in view of the circumstances then and there existing, and in excess of the lawful speed limit. In determining the speed at which plaintiff was then traveling, you are entitled to consider the testimony of the witnesses, the distance which the vehicle skidded, if you find that it did skid, the force of the impact of the collision, and the action of the vehicles after impact and before they came to rest.

"13. You are instructed that the statutes of the State of Washington provide that every person operating or driving

a vehicle of any character upon the public highways of this state shall operate the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, weight of the vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead, and consistent with any and all conditions existing at the point of operation so as to not unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to use such public highway.

"If you find from the evidence that the plaintiff has violated the positive provisions of this law in one or more particulars and that such violations, or any of them, were the proximate cause of or proximately contributed to the accident, then your verdict should be for the defendant and against the plaintiff on plaintiff's complaint, and for the defendant and against the plaintiff on defendant's cross complaint, unless you find defendant was himself negligent."

It is appellant's argument that instructions Nos. 8, 9, and 11 are correct statements of the law; that instructions Nos. 12 and 13 are inconsistent therewith and thus contrary to law; and that it was prejudicial error to give these latter instructions because they would tend to confuse the jury.

Paragraph II of the cross-complaint read, in part, as follows:

"That the recklessness and carelessness of plaintiff consisted of the following:

"1. operating his vehicle in excess of a reasonable speed in view of the circumstances then and there existing, and in excess of the lawful speed limit;

"2. failure to keep his vehicle under proper control at all times;

"3. failure to take any precautions to avoid this collision after the imminence of the same became known to him, or in the exercise of reasonable care should have become known to him;

"4. failure to yield the right of way;

"5. failure to keep a proper lookout for other lawful users of the said highways and intersections, and specifically for this defendant. . . ."

Parenthetically, we assume for purposes of this case that, since there was no exception taken on that ground, the word

"negligence" in instruction No. 12 was intended to refer to the words "recklessness and carelessness" as used in the cross-complaint.

Appellant testified that he was traveling at a speed not "more than a hair" in excess of the legal speed limit of thirty-five miles per hour when respondent entered the intersection. Respondent testified that, in his estimation, appellant was traveling at about fifty miles per hour when respondent first saw appellant's vehicle. Other witnesses estimated appellant's speed at various rates between these two extremes.

By instruction No. 11, the jury were told that, as a matter of law, even if appellant were traveling at an excessive speed, in the absence of a warning he had a right to assume that the traveled portion of the road ahead of him was unobstructed and safe for travel. Instruction No. 13, in effect, qualified and practically nullified appellant's "right to assume" that the highway ahead of him was unobstructed, because in it the jury was told that the statutes require every person to operate his vehicle in a careful and prudent manner and at a reasonable and proper rate of speed, so as not to unduly and unreasonably endanger the life, limb, property or other rights of *any person entitled to use such public highway*. There was no explanation or correlation of the two rules of law as applied to the facts of this case.

Since respondent was attempting to enter an arterial highway from a side road, the duties placed upon him which he must perform before he would be *entitled to use the arterial highway*, were those prescribed by the legislature in RCW 46.60.170, as follows:

"The operator of a vehicle shall stop as required by law at the entrance to any intersection with an arterial public highway, and having stopped shall look out for and give right of way to any vehicles upon the arterial highway simultaneously approaching a given point within the intersection, whether or not his vehicle first reaches and enters the intersection."

In instruction No. 8, the court told the jury of these ob-

ligations resting upon respondent in order to become entitled to use the highway, to wit, he must (a) stop before entering the highway, (b) yield the right of way to traffic traveling upon the highway, and (c) not attempt to cross or proceed upon the highway unless there was a reasonable margin of safety.

The giving of instruction No. 13 without any explanation as to its application to a person traveling on an arterial highway could only have confused the jury. The statute on which it is based was enacted for the protection of persons using the highway who have equal rights with the driver of the car involved. It does not apply to a disfavored driver who comes into an arterial highway in violation of RCW 46.60.170.

Furthermore, the jury was not instructed that, before the second paragraph of instruction No. 13 could become operative, they must find that respondent was *entitled* to use the highway. This paragraph summarily instructed the jury that, if they found that appellant operated his vehicle "so as to unduly and unreasonably endanger the life, limb, or property or other rights of *any* person entitled to use the public highway," and that such conduct "proximately contributed to the accident," then they must find against appellant and in favor of respondent on the issue of liability raised in the complaint.

Assignment of error No. 3 complains that instruction No. 14, because of its peculiar wording, could be understood by the jury as establishing a duty on the part of appellant alone. The instruction reads:

"You are instructed that it is the duty of any driver of a motor vehicle to look *ahead* and see whatever there may be in the line of his vision which should affect the use of the road, and such person is in law presumed to have seen what he could or should have seen if he looked, and if he does not see what is plainly visible when there is a duty to look, he is negligent as a matter of law." (Italics ours.)

The jury might have placed emphasis upon the word *ahead* and, as appellant contends, construed the instruction as imposing a duty on appellant to look ahead but not upon

respondent. Since, for the reasons hereinafter stated, this case must be remanded for a new trial, we do not find it necessary to decide whether the giving of instruction No. 14 was reversible error. However, it is suggested that upon a second trial this instruction, if given, be more clearly worded to preserve to appellant his right of way under RCW 46.60.170.

Because of the giving of confusing instructions (No. 13 when compared to No. 8), we hold that the trial court erred to appellant's prejudice, and that a new trial must be granted.

Since the case must be retried, we deem it proper to state that, under the evidence presented at the first trial, we do not see any basis for the giving of an instruction (such as No. 15) relating to the last clear chance doctrine. Under respondent's own testimony as to appellant's speed and distance from respondent's car when it stopped in the west lane, only between two and three seconds elapsed before the collision took place, and consequently appellant had no opportunity to exercise his last "clear" chance to prevent the impact. We have held that the last clear chance does not mean the last possible chance to avoid the accident. *Barrett v. Inglin,* 46 Wn. (2d) 317, 281 P. (2d) 236, and cases cited.

On authority of *Gile v. Nielsen,* 20 Wn. (2d) 1, 145 P. (2d) 288, the trial court awarded respondents' costs in that court. In assignment of error No. 6, appellant complains of this award of costs. We do not read the cited case as being contrary to the provisions of RCW 4.84.030, wherein it is provided that the prevailing party in an action in the superior court shall be entitled to his costs and disbursements. The trial court should have followed the statute and allowed cost to neither party. However, the award of costs in the trial court now must await the outcome of the new trial.

Judgment dismissing appellant's action is reversed, and the cause remanded to the superior court with instructions to grant appellant a new trial. Appellant will recover his costs on this appeal.

HAMLEY, C. J., SCHWELLENBACH, WEAVER, and OTT, JJ., concur.