[No. 33494. *En Banc.* December 19, 1957.]

MARY DODS, *as Administratrix, Appellant,* v. HERBERT HARRISON *et al., Respondents.*[1]

[1]Reported in 319 P. (2d) 558.

*Walthew, Oseran, Warner & Keefe*, for appellant.

*Casey & Pruzan* and *William F. Hennessey*, for respondents.

SCHWELLENBACH, J.—The plaintiff's husband died from injuries which he received on the evening of October 22, 1953, when his automobile collided with a truck driven by the defendant Harrison and owned by the defendant Beetles, at the intersection of Airport way and Spokane street, in Seattle. The complaint alleged that the defendant Harrison was negligent in entering the intersection while the traffic signal was red, in failing to yield the right of way to the decedent, in failing to maintain a proper lookout, and in failing to make any reasonable effort to apply his brakes and avoid the collision. By way of answer, the defendants denied these allegations and affirmatively alleged that the decedent had been guilty of identical acts of negligence.

The jury returned a verdict for the defendants, and judgment was entered dismissing the action. This appeal is predicated on alleged errors of the trial court in excluding certain evidence and in the giving of an instruction.

It is first contended that the plaintiff should have been allowed to elicit from the defendants' principal witness, on cross-examination, an admission that he had refused at the time of the accident to make a statement to the police. This testimony, the plaintiff maintains, was admissible for impeachment purposes, as it tended to show bias, interest, or prejudice. It was the opinion of the trial court that the testimony was irrelevant. Facts which tend to show the bias, prejudice, or

friendship of the witness for the party for whom he testifies, and to show hostility toward the party against whom he is called, may be elicited on cross-examination as a matter of right, and the denial of this right is grounds for reversal. *State v. Robbins*, 35 Wn. (2d) 389, 213 P. (2d) 310. Where the right is not altogether denied, the scope or extent of cross-examination for the purpose of showing bias rests in the sound discretion of the trial court. The trial court may reject cross-examination where the circumstances sought to be shown only remotely tend to show bias. *State v. Robbins, supra.* See, also, 3 Wigmore on Evidence, 498, 504, §§ 948, 950.

The evidence disclosed that the witness, a Mr. Cleveland, was also driving a truck on the fatal evening and had been following behind the Harrison truck from Vancouver to Seattle. He testified that the light was green on Airport way as the Harrison vehicle entered the intersection and that he saw an automobile come into the intersection on Spokane street, traveling at thirty-five to forty-five miles an hour, and collide with the truck. Shortly after the accident, both Cleveland and the defendant Harrison were at a cafe, called the "Truck and Trailer," near the defendant Beetles' office. Several other representatives of Beetles were also present. Cleveland testified that he did not talk to Harrison and did not see him there, but he did give a statement to a Mr. Packard, a representative of Beetles, who was present in the cafe. He had known Harrison "to speak to," but not socially, when they both worked for the same employer six years ago.

Mr. Packard, on cross-examination by the plaintiff's counsel, stated that he had not advised Cleveland not to talk with the police.

From this evidence, the jury could reasonably conclude that the witness Cleveland entertained some natural sympathy for the defendant Harrison, a fellow truck driver whom he had known, though casually, for a number of years. It is difficult to surmise, however, how the knowledge that he had refused to make a statement to the police

could add anything to the impression created by these facts. It would have to be assumed that, had he made a statement, it would necessarily have been favorable to the driver of the automobile, whereas, the statement which he had just made to the defendant Beetles' representative was favorable to the driver of the truck. The police were impartial investigators, not representatives of the plaintiff; and it is difficult to draw any inference of bias from the fact that the witness refused to talk with them. This refusal may have been due to any number of motives—from a reluctance to become involved to a hostility toward the police. Any inference which the jury might have drawn from the mere fact of his refusal, would have been the result of speculation and conjecture.

Counsel for the plaintiff cross-examined the witness Cleveland extensively regarding his account of the way in which the accident occurred and his activities at the Truck and Trailer cafe afterwards. On the other hand, although the police officer who investigated the accident was called by the plaintiff, he was not questioned concerning Cleveland's refusal to make a statement to the police. If this evidence were as important to the plaintiff's case as she contends upon appeal, it would seem likely that she would have availed herself of this opportunity to place it before the jury.

Error is assigned to the giving of instruction No. 15:

"You are instructed that if, after a full consideration of all the facts in this case, you are unable to find from a preponderance of the evidence whose negligence, if anyone was negligent, was the direct and proximate cause of the injuries complained of, then the plaintiff is not entitled to recover damages, and your verdict should be for the defendants."

The jury had been instructed as to negligence, contributory negligence, proximate cause, and burden of proof. The court also gave instruction No. 11:

"In this case the plaintiff claims the decedent proceeded into the intersection with the green light and that the de-

fendant Harrison entered said intersection against the red light.

"The defendants claim exactly the converse thereof: that the defendant Harrison proceeded into the intersection with the green light and that decedent entered said intersection against the red light.

"You are instructed that if, by a fair preponderance of the evidence, you find that the plaintiff is correct in her contention, and that such act on the part of the said defendant was a proximate cause of the collision and decedent was not guilty of contributory negligence, then the plaintiff is entitled to recover.

"If, on the other hand, you find by a fair preponderance of the evidence that the defendants are correct in their contention and that such act on the part of the decedent was a proximate cause of the collision, then you should return a verdict for the defendants."

■ When ten of the jurors agree upon a verdict, in a civil case, the verdict shall stand as the verdict of the whole jury. RCW 4.44.380.

If, under instruction No. 11, ten jurors could not agree with plaintiff's contention or with defendants' contention, or, to put it another way, if six jurors agreed with plaintiff's contention and six agreed with defendants' contention, there would have been a "hung jury," which would have resulted in a new trial.

■■ Although it is advisable that jurors agree upon a verdict, nevertheless, such verdict must be the result of the combined *judgment* of twelve jurors in a criminal case, and of ten jurors in a civil case. Here the jurors were properly and adequately instructed in instruction No. 11. Then they were told in instruction No. 15 that if they had any difficulty in determining whose negligence, if anyone was negligent, was the proximate cause of the collision, to find for the defendants. It was an invitation to find an easy way out of a possible dilemma. It deprived the plaintiff of the possibility of a new trial which would have been ordered if the jurors had been unable to reach an agreement. In a civil cause, the failure of a plaintiff to prove his case to the satisfaction of ten jurors does not, of itself, result in a verdict for the defendant.

Instructions should be impartial and fair to both parties to a lawsuit. Where instructions are confusing to the prejudice of either party a new trial will be ordered. See *Bailey v. Carver*, 47 Wn. (2d) 153, 286 P. (2d) 680. We are of the opinion that instruction No. 15 was prejudicial to the plaintiff in that it tended to confuse the members of the jury as to their responsibility in the case.

The judgment is reversed and the cause remanded with direction to grant a new trial. Appellant will recover her costs on appeal.

The foregoing opinion was written by the late Judge E. W. Schwellenbach, but had not been filed at the time of his death.

There being a division among the other members of the Department, the case was set down for a rehearing *En Banc* on November 18, 1957. The undersigned judges, being a majority of the court, adopt the foregoing opinion of Judge Schwellenbach as the opinion of the court.

HILL, C. J., MALLERY, DONWORTH, FINLEY, WEAVER, and FOSTER, JJ.

ROSELLINI, J. (dissenting in part)—I dissent to that part of the majority opinion which holds that the giving of instruction No. 15 was prejudicial error.

In the first place, the objections which the majority make to the instruction were not urged by the plaintiff, and in the second, I do not believe the instruction is open to those objections. The court did not instruct the jurors that if they could not agree, they should find for the defendants, but rather that, if they were unable to determine from the evidence whose negligence, if anyone was negligent, was the proximate cause of the accident, the verdict should be for the defendants. The jury had been told that ten of their number must agree on a verdict, and it is to be presumed that they understood and followed this instruction. Furthermore, the jurors were not told in instruction No. 15 that they should find for the defendants if they had any difficulty in determining the proximate cause, but only if they were

unable to make a determination. "Difficulty" and "inability" are hardly synonymous terms. Only by changing the language of the instruction can the objections of the majority be sustained.

It is the plaintiff's position that, when viewed in the light of the pleadings and the evidence, the effect of this instruction was to place the burden of disproving contributory negligence on her. According to her interpretation of the instruction, if the jury was unable to determine from the evidence whether or not the decedent's negligence contributed to his injuries, as a proximate cause thereof, it might nevertheless find for the defendants even though it had also found as a fact that the negligence of Harrison was a proximate cause of the accident.

In another instruction, the jury was told that the burden was on the plaintiff to prove that the defendant Harrison's negligence was a proximate cause of the injuries; and the burden was on the defendants to prove that the contributory negligence of the decedent was a proximate cause of the accident. Reading these instructions together, I do not see how the jury could reasonably reach the result feared by the plaintiff. The questioned instruction, by its terms, would be applicable only if both parties failed to sustain their positions by a preponderance of the evidence; whereas, if the jury should find that the defendant Harrison's negligence was a proximate cause, it would not be "unable to find . . . whose negligence, if anyone was negligent, was the direct and proximate cause of the injuries."

The jury was adequately informed in other instructions that it might find that the accident was proximately caused by the negligence of either or both of the drivers, and in fact, the plaintiff does not object to the use of this term in the instruction.

It is not necessary that each instruction contain a complete exposition of the law applying to the point in controversy. *Hutton v. Martin*, 41 Wn. (2d) 780, 252 P. (2d) 581. Instructions must be read as a whole, and I think that any confusion which might possibly have resulted from the language of this instruction was overcome by the plain and

explicit instructions on burden of proof and proximate cause which were given by the court and to which the plaintiff makes no objection. The import of the instruction is simply that, if both parties fail to sustain the burden of proving proximate cause, the verdict must be for the defendant.

The plaintiff also suggests that by inserting the phrase "if anyone was negligent," the court introduced the issue of unavoidable accident into the case, thereby prejudicing her cause. But I do not think the phrase amounts to an instruction on unavoidable accident. It does no more than to remind the jury that it was at liberty to find that neither party had sustained the burden of proving negligence. It was therefore proper.

The judgment should be affirmed.

OTT, J., concurs with ROSELLINI, J.

HUNTER, J. (concurring with ROSELLINI, J.)—I concur with the opinion of Judge Rosellini and make these further comments.

I do not favor the form of instruction No. 15 given in this case. It was unnecessary as the jury was otherwise adequately instructed. It was a negative instruction as phrased and may have the tendency to confuse the jury as to the burden of proof. I do not feel, however, this happened here and that the plaintiff was denied a fair trial. The burden was upon the plaintiff to convince the jury by the preponderance of the evidence that there was negligence of the defendant which proximately caused the collision.

Unless the jury could so find, it would not be concerned with contributory negligence, and confusion as to who was burdened with the proof of contributory negligence would be of no consequence. The plaintiff was, therefore, not prejudiced by the court giving instruction No. 15.

The trial court should be affirmed.

---

February 28, 1958. Petition for rehearing denied.