[No. 34971.    Department Two.    December 3, 1959.]

JAMES C. SHERMAN, *Respondent,* v. LEWIS MOBBS *et al.,*
*Appellants.*[1]

*Parker & Parker* and *Trullinger & Lindskog,* for appel-
lants.

*James J. Solan* and *Jack L. Burtch,* for respondent.

ROSELLINI, J.—This is a negligence action, arising out of
a motor vehicle collision which occurred on April 24, 1957,

[1]Reported in 347 P. (2d) 189.

at the intersection of 23rd street and Simpson avenue in the city of Hoquiam. The principal allegation of the plaintiff was that the accident was caused by the negligence of the defendant Robert D. Warren in failing to yield the right of way and driving into the intersection against the traffic control signal. The defendants denied that Warren, driver of a truck owned by the defendants Mobbs, was negligent and alleged affirmatively that the accident was caused by the plaintiff's failure to yield the right of way in accordance with the traffic signal.

As a result of the accident, the plaintiff's automobile required replacement of the left headlight, bumper, and grill at a total cost of $101.13. Damage to the defendants' vehicle was negligible, consisting of a dent in the side of the right front fender, which had not been repaired at the time of the trial. The defendants did not cross-complain.

The principal items of damage claimed by the plaintiff were for personal injuries alleged to have been suffered by him as a result of the collision. Following the accident, the plaintiff was hospitalized with severe pains in his lower back, which were later found to be caused by a ruptured disc, for which he underwent major surgery and as a result of which he was permanently disabled. He also attributed pains which developed in his shoulder to injuries which he allegedly received in the accident. He alleged that he had recovered completely from prior back injuries at the time of the accident and attributed all of his disabilities, pain, and suffering following the accident to that cause.

Upon conflicting evidence, the jury returned a verdict in favor of the defendants. The plaintiff moved for a new trial, which the court granted, expressing the belief that it had erred in giving its instruction No. 11, concerning the burden of proof, which the court felt was in substance the same as an instruction which was disapproved by this court in the recent case of *Dods v. Harrison*, 51 Wn. (2d) 446, 319 P. (2d) 558. The defendants have appealed from the order granting this motion.

The case of *Dods v. Harrison*, *supra*, arose out of an accident very much like the one which occurred in this case,

that is, an intersection collision where there was a conflict in evidence as to which driver had the right of way. After instructing the jury that the burden was upon each party to prove, by a fair preponderance of the evidence, his affirmative allegations, the court told the jury:

" 'You are instructed that if, after a full consideration of all the facts in this case, you are unable to find from a preponderance of the evidence whose negligence, if anyone was negligent, was the direct and proximate cause of the injuries complained of, then the plaintiff is not entitled to recover damages, and your verdict should be for the defendants.' "

It was argued in the *Dods* case that the instruction was a mere paraphrasing of the rule that unless the plaintiff establishes his case by a fair preponderance of the evidence, he is not entitled to recover. However, this court felt that, in view of the fact that the evidence was in sharp conflict, the instruction, using as it did the phrase, "if . . . you are unable to find," might tend to mislead the members of the jury into thinking that a verdict for the defendants was required if they were unable to *agree* upon the cause of the accident. The instruction, as this court understood it, advised the jury,

". . . that if they had any difficulty in determining whose negligence, if anyone was negligent, was the proximate cause of the collision, to find for the defendants. It was an invitation to find an easy way out of a possible dilemma. It deprived the plaintiff of the possibility of a new trial which would have been ordered if the jurors had been unable to reach an agreement."

The plaintiff in this case maintains that instruction No. 11, likewise, tended to confuse the jury and to encourage it to abdicate its function. Instruction No. 11 reads:

"You are instructed that if, after a consideration of all the evidence in this case, you find that the evidence of the plaintiff and that of defendants are evenly balanced, and that neither plaintiff nor defendants have satisfied you by a fair preponderance of the evidence of the correctness of their respective positions, then the plaintiff has failed in the burden of proof which rests upon him in this case, and your verdict must be for the defendants.

"You are also instructed that no verdict for the plaintiff can be based upon speculation or any finding by you as to what may have happened, but must be based upon a finding by you supported by a fair preponderance of the evidence of what did, in fact, happen."

In the first place, this instruction uses the affirmative language, "if you find," while in the *Dods* case the negative, "if you are unable to find," was used. The plaintiff does not deny that it correctly states the law (see *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480, and *Chase v. Beard, ante* p. 58, 346 P. (2d) 315, approving instructions almost identical to this instruction), but he contends that, like the instruction given in the *Dods* case, it was likely to be understood by the jury as an instruction to find for the defendants in case they were unable to agree upon a verdict. But we do not find the instruction open to that criticism. The jury were told in another instruction that ten of their number must agree upon a verdict; they were told in instruction No. 10 that the plaintiff had the burden of proving his allegations and that the defendants had the burden of proving their affirmative defense. But nowhere else in the instructions were they told what verdict to render in the event they found that neither side had sustained the burden of proof. Had the instruction not been given, the members of the jury might well have asked: What do we do in case we agree that the plaintiff has not established his affirmative allegations and the defendants have not proved theirs? The instruction simply answers this question.

The giving of instruction No. 11 was not error and did not furnish a proper ground for the granting of a new trial.

The plaintiff calls to our attention the rule stated in *Larson v. Seattle*, 25 Wn. (2d) 291, 171 P. (2d) 212, and in *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632, that the granting of a motion for a new trial will be sustained if it is correct on any ground covered by the motion, and urges that there was misconduct of defendants' counsel which would justify the granting of his motion.

The misconduct complained of was an attempt by

defense counsel to introduce in evidence certain records, or excerpts from records, of claims which the plaintiff had made to the Department of Labor and Industries for compensation for industrial injuries.

It is urged that this attempt was made in violation of Canon of Professional Ethics No. 22, RCW Vol. 0, which states in part:

"A lawyer should not offer evidence which he knows the court should reject, in order to get the same before the jury by argument for its admissibility, . . . Neither should he introduce into an argument, addressed to the court, remarks or statements intended to influence the jury. . . ."

The plaintiff testified that he had made such claims, and also testified to statements which he had made to the board on at least one occasion. The defendants' counsel sought access to these records for impeachment purposes.

The records are made confidential by RCW (Sup. 1957) 51.28.070, but the statute does not expressly provide that they cannot be reached by judicial process. It appears from the record of this case that, when the defendants' counsel first made reference to these records, the trial court was of the opinion that they were competent and admissible in a case such as this. The defendants' counsel expressed the belief (to which he still adheres in this court) that under the statute, the records were merely privileged and that the privilege could be waived and was in fact waived by the plaintiff when he testified in court regarding his claims and statements before the Department of Labor and Industries.

After permitting the defendants' counsel to put a representative of the department on the stand and to make preliminary inquiries regarding the records, the court ruled that the records were absolutely confidential and could not be reached by members of the public whether for judicial purposes or otherwise. This is a question which has not been decided by this court. It is doubtful that they would be inadmissible, in view of the decision in *State ex rel. Haugland v. Smythe*, 25 Wn. (2d) 161, 169 P. (2d) 706 (annotated, 165 A. L. R. 1295), holding that the records of the county welfare department could be reached in a proper

judicial proceeding, although under the provisions of the social security act and the rules promulgated pursuant thereto, they would be exempt from disclosure to those who are motivated merely by curiosity or where the information is sought for purely commercial, personal, or political purposes. See, also, *State ex rel. State v. Church*, 35 Wn. (2d) 170, 211 P. (2d) 701; and *State v. Thompson*, 54 Wn. (2d) 100, 338 P. (2d) 319.

However, we need not decide this question now, for we do not think the record supports the plaintiff's contention that defense counsel sought to introduce this evidence, knowing that the court would reject it. But there is every indication in the record and in his brief before this court that he acted in good faith. Furthermore, the plaintiff's counsel made no objection during the trial, other than the objection that the evidence was inadmissible, and gave no hint that he considered the conduct of defense counsel prejudicial or unethical. Counsel cannot, in the trial of a case, remain silent as to claimed errors, and later, if the verdict is adverse, urge his trial objections for the first time in his motion for a new trial, or on appeal. In this case, so far as the record discloses, the conduct of defense counsel is complained of for the first time on appeal. As we have said, we find nothing reprehensible in that conduct. This is not a case where, as in *State v. Case*, 49 Wn. (2d) 66, 298 P. (2d) 500, there has been misconduct of counsel so flagrant and inflammatory that no instruction could cure it. In such cases, in the interest of justice, an exception is made to the general rule.

The order is set aside and the verdict of the jury reinstated.

WEAVER, C. J., HILL, FINLEY, and OTT, JJ., concur.

FOSTER, J., did not participate in the consideration or decision of this case.